In re Michael Dean STATHATOS and Susan Lynn Stathatos, Debtors.

Michael Dean STATHATOS and Susan Lynn Stathatos, Appellants,

v.

UNITED STATES TRUSTEE FOR the NORTHERN DISTRICT OF TEXAS, Appellee.

No. 4:93–CV–524–A.

United States District Court, N.D. Texas, Fort Worth Division.

Dec. 6, 1993.

Michael Dean Stathatos, pro se.

Susan Lynn Stathatos, pro se.

Massie Tillman, pro se.

Victoria B. Tutterrow, Office of the U.S. Trustee, Dept. of Justice, Dallas, TX, for appellee.

Victoria B. Tutterrow, pro se.

Tim Truman, pro se.

## MEMORANDUM OPINION AND ORDER

McBRYDE, District Judge.

This action comes before the court as an appeal from an order of the United States Bankruptcy Court, Northern District of Texas, Fort Worth Division, the Honorable Massie Tillman presiding. The court, having reviewed the briefs of appellants, Michael Dean Stathatos and Susan Lynn Stathatos, and appellee, United States Trustee for the Northern District of Texas, the record on appeal and applicable authorities, finds that the bankruptcy court's order should be affirmed.

### I.

#### *Jurisdiction*

This appeal is from an order rendered by the bankruptcy court in case No. 493–41389–MT–13. This court's jurisdiction exists pursuant to 28 U.S.C. § 158(a).

### II.

#### *Underlying Proceedings*

On February 2, 1989, appellants, proceeding *pro se,* filed their first Chapter 13 petition, which was assigned case No. 489–40365–MT–13 (the "1989 case"). Pursuant to the plan of reorganization filed and confirmed in the 1989 case, appellants were to make monthly payments to the Chapter 13 trustee for a period of sixty months. During the pendency of the 1989 case, appellants made four payments over a fifteen-month period. On May 22, 1990, the 1989 case was dismissed for appellants' failure to make payments as required by their plan.

On June 15, 1990, less than one month after the dismissal of the 1989 case, appellants filed their second Chapter 13 petition, which was assigned case No. 490–41992–MT–13 (the "1990 case").[1] Again, their reorganization plan required them to make monthly payments to the Chapter 13 trustee for a period of sixty months. They made only ten payments over a thirty-month period[2], and, on April 2, 1993, the 1990 case was dismissed for failure to make timely payments.

On April 6, 1993, only four days after dismissal of the 1990 case, appellants, once again proceeding *pro se,* filed their third Chapter 13 petition, which was assigned case No. 493–41389–MT–13. Again, appellants proposed a sixty-month payment plan. After they failed to make their first payment in a timely manner, on May 28, 1993, appellee filed a motion to dismiss the case. On June 15, 1993, the motion came on for hearing. Prior to hearing the motion to dismiss, the bankruptcy court granted a motion by Gene De Bullet, Jr., ("De Bullet") to withdraw as counsel for appellants on another matter. The bankruptcy court then proceeded to hear evidence and arguments on appellee's motion to dismiss. At the conclusion of the hearing, the bankruptcy judge announced his ruling that the pending case be dismissed with prejudice, that appellants not be allowed to file another Chapter 13 case for twenty-four months, and that appellants pay sanctions in

---

1. Appellants were represented by counsel in the 1990 case.

2. Appellants submitted three checks to the Chapter 13 trustee that were returned for insufficient funds.

the amount of $500.00 to the bankruptcy court within ninety days of the hearing date. The bankruptcy judge signed his findings of fact[3] and written order that same date. Appellants appeal from the June 15, 1993, order.

## III.

### Issues on Appeal

Appellants provide the following "statement of issues" on appeal:

Withdrawal of Debtors' Attorney, Mr. Eugene G. De Bullet in regard to the procedure followed.

Denied time to hire another attorney or to review court procedures.

Expedited hearing held on 6/15/93, in regard to the timing and not having permission by JUDGE TILLMAN to enter Plaintiffs [sic] Answer to Motion to Dismiss by U.S. TRUSTEE.

Witnesses called that were not on the Witness List and Designation of Exhibits filed by Victoria B. Tutterrow of the U.S. Department of Justice.

U.S. TRUSTEE went above and beyond usual dismissal requests by conspiring with Mr. Brad Clinkenbeard, attorney for creditor Mr. and Mrs. Jerry Jennings, and the Internal Revenue Service.

Ordering sanctions that are unprecedented to our knowledge and according to usual sanctions.

Appellants' Brief, 2.

Appellee succinctly defines the issues as follows:

(1) Did the bankruptcy court apply the proper test in dismissing the case?

(2) Did the evidence support the dismissal of the case under the applicable test?

(3) Did the bankruptcy judge abuse his discretion in dismissing the case with prejudice and imposing sanctions?

(4) May the debtor raise on appeal issues and objections not raised at the trial level?

Appellee's Brief, 3.

## IV.

### Standard of Review

To the extent the appeal presents questions of law, the bankruptcy court's judgment is subject to *de novo* review. *Pierson & Gaylen v. Creel & Atwood (In re Consolidated Bancshares, Inc.)*, 785 F.2d 1249, 1252 (5th Cir.1986). Findings of fact, however, will not be set aside unless clearly erroneous. *Memphis–Shelby County Airport Authority v. Braniff Airways, Inc. (In re Braniff Airways, Inc.)*, 783 F.2d 1283, 1287 (5th Cir. 1986). A finding is clearly erroneous, although there is evidence to support it, when the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed. *Id.* The mere fact that this court would have weighed the evidence differently if sitting as the trier of fact is not sufficient to set aside the bankruptcy court's order if that court's account of the evidence is plausible in light of the record viewed in its entirety. *Anderson v. City of Bessemer City*, 470 U.S. 564, 573–74, 105 S.Ct. 1504, 1511–12, 84 L.Ed.2d 518 (1985).

## V.

### Objections Regarding Proceedings at June 15 Hearing

█ The first four matters listed by appellants in their statement of issues regard the manner in which the bankruptcy judge conducted the June 15, 1993, hearing. Appellants first complain because De Bullet was allowed to withdraw and they were not granted an extension of time in which to retain an attorney to represent them. The record reflects, however, that De Bullet represented appellants only with regard to a motion for relief from stay filed by Jerry and

---

**3.** The findings of fact were omitted from the record on appeal. The bankruptcy court's docket sheet reflects that the findings were entered on June 15, 1993, and the court takes judicial notice of them. *See O'Rourke v. Seaboard Surety Co. (In re E.R. Fegert, Inc.)*, 887 F.2d 955, 957–58 (9th Cir.1989); *Wilson v. Huffman, (In re Missionary Baptist Found. of America, Inc.)*, 712 F.2d 206, 211 (5th Cir.1983); *Huddleston v. Nelson Bunker Hunt Trust Estate*, 102 B.R. 71, 73 n. 2 (N.D.Tex. 1989).

Margaret Jennings, creditors. Appellants and counsel present (including De Bullet) affirmed to the bankruptcy court that appellants had always proceeded *pro se* with regard to the main Chapter 13 case. Although appellants noted, midway through the hearing, that they "really need[ed] to obtain an attorney", 6/15/93 Tr. at 59, there is no evidence that appellants had not received ample notice of the hearing and had time to adequately prepare therefor. *Contra Middlemas v. Wright,* 493 S.W.2d 282 (Tex.Civ. App.—El Paso 1973, no writ) (clients not aware of attorney's withdrawal or of trial setting).

■ Appellants next complain that the bankruptcy judge would not accept their late filed response to appellee's motion to dismiss. This issue, however, is not discussed in the body of appellants' brief and is, therefore, waived. *McGruder v. Necaise,* 733 F.2d 1146, 1148 (5th Cir.1984); *Ronit, Inc. v. Block Shim Development Co.–Irving (In re Block Shim Development Co.–Irving),* 118 B.R. 450, 452 n. 2 (N.D.Tex.1990), *aff'd,* 939 F.2d 289 (5th Cir.1991). The court notes that, in any event, appellants had an opportunity at the June 15 hearing to make whatever presentation they desired to make in opposition to appellee's motion. Any error in disallowing the late filed response was harmless.

■ With regard to the procedures followed at the June 15 hearing, appellants finally complain that witnesses called were not on the witness list filed by appellee. Appellants did not make any objection on this ground at the hearing. Therefore, objection is waived. *Morrow v. Greyhound Lines, Inc.,* 541 F.2d 713, 724 (8th Cir.1976); *Commercial Credit Corp. v. Reed,* 154 B.R. 471, 474 (E.D.Tex.1993). Appellants have not in any event demonstrated that they were harmed as a result.

## VI.

### *The Alleged Conspiracy*

■ Appellants allege that appellee conspired with counsel for the Jennings and with the Internal Revenue Service "to force dismissal" of their Chapter 13 case. Appellants' Brief, 4. In support of this theory, they note

that witnesses listed by one attorney were called to testify by another and that the motions to dismiss filed by each "were copied from one another word for word." *Id.,* 5. The issue of an alleged conspiracy was not raised in the bankruptcy court. Although the facts noted by appellants may be true, there simply is no evidence of "a combination of two or more persons to accomplish an unlawful purpose, or to accomplish a lawful purpose by unlawful means." *Carroll v. Timmers Chevrolet, Inc.,* 592 S.W.2d 922, 925 (Tex.1979).

Appellants recognize that appellee had every right to file a motion to dismiss. *See* 11 U.S.C. § 1307(c). Their complaint is that appellee was prodded by other creditors into doing so. There is no reason to believe, however, that the same result would not have obtained had appellee not filed a motion to dismiss, since at least two creditors were pursuing similar motions.

## VII.

### *Propriety of the Bankruptcy Court's Order*

■ Appellants finally complain that the evidence presented at the hearing is not sufficient to justify the imposition of such harsh sanctions against them. Appellants do recognize, however, that their conduct was inappropriate and that they should be held accountable for their actions. Appellants' brief, 7.

■ Pursuant to 11 U.S.C. § 1307(c), a bankruptcy court may dismiss a Chapter 13 case for cause. Lack of good faith is "cause" for dismissal. *In re Love,* 957 F.2d 1350, 1354 (7th Cir.1992); *Simmons v. Simmons (In re Simmons),* 149 B.R. 586, 588 (Bankr. W.D.Mo.1993). Moreover, the bankruptcy court has discretion to dismiss with prejudice to the refiling of a subsequent Chapter 13 case. 11 U.S.C. § 349(a); *Jolly v. Great Western Bank (In re Jolly),* 143 B.R. 383, 387 (E.D.Va.1992); *Benefield v. United States Trustee,* No. 3–91–1421–H, 1991 WL 542279 (N.D.Tex. Oct. 25, 1991); *In re Dilley,* 125 B.R. 189, 198 (Bankr.N.D.Ohio 1991).

■ Circuits that have considered what is meant by "good faith" have adopted a

"totality of the circumstances" test. *See, e.g., Love,* 957 F.2d at 1354; *In re Chaffin,* 836 F.2d 215, 217 (5th Cir.1988). Among the circumstances the court considers in evaluating the debtors' good faith are the timing of the bankruptcy petition, the debtors' motive in filing the petition, how the debtors' actions affected creditors, and the debtors' treatment of creditors before and after the petition was filed. *Love,* 957 F.2d at 1357. Although there is no per se rule against successive bankruptcy filings, such filings may be evidence of bad faith. *In re Huerta,* 137 B.R. 356, 367 (Bankr.C.D.Cal.1992). Courts must be especially concerned in cases like this one where the strategy behind the subsequent filings may be to frustrate statutory requirements. *In re Utne,* 146 B.R. 242, 248 (Bankr.D.S.D.1992). The legislative history of the Bankruptcy Code reflects that Congress intended the debtor to achieve the goals of bankruptcy through a single case. *Id.*

Here, the record overwhelmingly supports the bankruptcy court's finding of a lack of good faith on the part of appellants. As noted, *supra,* appellants filed their 1990 case twenty-four days after the dismissal of their 1989 case and filed their most recent case only four days after dismissal of their 1990 case. The bankruptcy petitions were obviously filed to hinder eviction proceedings. Appellants made little effort, if any, to comply with their various plans of reorganization by making the required payments thereunder. Instead, they obtained credit and incurred thousands of dollars of debt while under the protection of the bankruptcy court.

The bankruptcy court acted within its discretion to enjoin future filings to prevent abuse of the bankruptcy process. 11 U.S.C. § 105(a); *In re Earl,* 140 B.R. 728 (Bankr.N.D.Ind.1992). Further authority for the bankruptcy court's action is found in Bankr.R. 9011, which mandates the imposition of sanctions upon a determination as a factual matter that a debtor's successive filings were not made in good faith. *Mortgage Mart, Inc. v. Rechnitzer (In re Chisum),* 847 F.2d 597, 599 (9th Cir.), *cert. denied,* 488 U.S. 892, 109 S.Ct. 228, 102 L.Ed.2d 218 (1988).

*See also Thomas v. Capital Sec. Servs., Inc.,* 836 F.2d 866, 876 (5th Cir.1988).

## VIII.

### Order

For the reasons set forth herein,

The court ORDERS that the June 15, 1993, order of the United States Bankruptcy Court for the Northern District of Texas from which appeal is taken be, and is hereby, affirmed.

### FINAL JUDGMENT

In accordance with the court's memorandum opinion and order of even date herewith,

The court ORDERS, ADJUDGES and DECREES that the order of the United States Bankruptcy Court signed and entered June 15, 1993, the subject of this appeal, pursuant to which the bankruptcy court dismissed case No. 493–41389–MT–13 with prejudice to the refiling of a further Chapter 13 petition by appellants, Michael Dean Stathatos and Susan Lynn Stathatos, for twenty-four months and ordered appellants to pay the sum of $500.00 to the bankruptcy clerk as a sanction for their conduct, be and is hereby, affirmed.