In the Matter of Raymond Dale **BERRYHILL**, and Kay Louise Berryhill, Debtors.

Raymond Dale **BERRYHILL**, and Kay Louise Berryhill, Appellants,

v.

**UNITED STATES** of America, Appellee.

Nos. 93–11671, 95–cv–26.

United States District Court, N.D. Indiana, Fort Wayne Division.

May 31, 1995.

464

Roland W. Gariepy, Fort Wayne, IN, for appellants.

Raymond Dale Berryhill, Corunna, IN, pro se.

Kay Louise Berryhill, Corunna, IN, pro se.

Tina L. Nommay, United States Attorneys Office, Fort Wayne, IN, for appellees.

## ORDER

WILLIAM C. LEE, District Judge.

This an appeal from the Bankruptcy Court's order of December 14, 1994, granting the United States' motion to dismiss the Debtors' Chapter 11 proceeding. Both parties have submitted briefs, and the court heard oral arguments on May 25, 1995. For the following reasons, the decision of the bankruptcy court is affirmed.

### FACTUAL AND PROCEDURAL BACKGROUND

On September 30, 1993, Raymond Dale Berryhill and Kay Louise Berryhill ("Debtors") filed a petition in bankruptcy under Chapter 11. Since that time they have continued to operate a dairy farm. On October 26, 1993, the Internal Revenue Service (IRS), filed a proof of claim in the amount of $57,-379.65, of which $41,888.48 was designated as a secured claim,[1] $304.66 was designated as an unsecured priority claim, and $15,186.51 was designated as a general unsecured claim.

On November 2, 1994, the United States filed a motion to dismiss or convert the Chapter 11 proceeding in this case pursuant to 11 U.S.C. § 1112(b)(1), (b)(2), and (b)(3).[2] The United States asserted that it is a creditor and party in interest in the case; that the IRS records reflected that the debtors had not paid post-petition federal income tax obligations for 1993 in the amount of $2,200.00; and that the latter failure constituted a violation of Local Bankruptcy Rule B–215.2. The United States concluded that the failure to pay the post-petition tax "constitutes a 'continuing loss or diminution of the estate' and evidences the absence of reasonable likelihood of rehabilitation within the meaning of

---

1. The secured portion of the claim was for unpaid federal income taxes for the years 1975, 1976, 1978, 1980, 1983, 1988, and 1990, including interest and penalties accrued as of the date of the petition. The IRS had previously filed notices of federal tax liens relating to these liabilities in the County Recorders Offices of Allen and DeKalb Counties on November 18, 1987, August 19, 1991, and April 15 and 19, 1993.

2. Section 1112(b)(1)–(3) provides in pertinent part the following:
   [O]n request of a party in interest or the United States trustee, and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause, including—
   (1) continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation;
   (2) inability to effectuate a plan;
   (3) unreasonable delay by the debtor that is prejudicial to creditors; ...
   11 U.S.C. § 1112(b)(1)–(3).

11 U.S.C. § 1112(b)(1)." (United States' Motion to Dismiss the Chapter 11 Proceeding, p. 2.)

The debtors did not file a response. On December 14, 1994, the Bankruptcy Court held a hearing, for which both parties were present, and granted the United States' motion to dismiss the debtors' Chapter 11 proceeding. In granting the Motion, Bankruptcy Judge Grant stated,

> [A f]undamental proposition of Chapter 11 is the Debtor at least has to pay its own way and keep from getting further in the hole after the date of the petition.
>
> The taxes in question are post-petition taxes, which, by virtue of—based on filed Federal returns, which should have, as a matter of non-Bankruptcy law, been paid as and when they were due. This obligation is reiterated by the local Rules of this Court and the order appointing Debtor in Possession. Failure to pay post-petition taxes is cause for conversion or dismissal.
>
> In this instance, not only did the Debtors fail to pay their post-petition income taxes as they were required to do as a matter of non-Bankruptcy law and as a matter of their obligations as Debtors in Possession, they don't even have the money with which to do it now and must, instead, rely on the generosity of third parties.
>
> So, in addition to the fact that the—the mere fact that the failure to pay the taxes constitutes cause for conversion or dismissal, it seems for all the world like there's not much of a future for the Debtors' case because they can't even pay their own way, normal on-going operating expenses, to keep their heads above water. They're falling further in the hole.
>
> Given this, I find that the Debtors' failure to pay their post-petition income taxes as and when due constitutes cause for the conversion or the dismissal of this case. . . .

(December 14, 1994, Hearing Transcript, pp. 7–8.)

**3.** Local Rule B–215.2, Post–Petition Taxes and Tax Returns, provides:

On December 20, 1994, the Debtors filed a notice of appeal with the Bankruptcy Court. The appellants/Debtors filed their brief on February 8, 1995, and the United States filed its brief on March 10, 1995. This court heard oral arguments on May 25, 1995, and, after considering both the briefs and the arguments advanced by the parties, affirms the dismissal of the action by the Bankruptcy Court.

## ANALYSIS

"A bankruptcy court has broad discretion under 11 U.S.C. § 1112(b) to dismiss a Chapter 11 case." *Matter of Woodbrook Associates,* 19 F.3d 312, 316 (7th Cir.1994); *In re Lumber Exchange Bldg. Ltd. Partnership,* 968 F.2d 647, 648 (8th Cir.1992); *In re Gonic Realty Trust,* 909 F.2d 624, 626–27 (1st Cir.1990); *In re Koerner,* 800 F.2d 1358, 1368 (5th Cir.1986). A Bankruptcy Court's decision to dismiss a Chapter 11 proceeding may be reversed only if it is determined that the dismissal constituted an abuse of discretion or that the facts upon which the Bankruptcy Court based its decision were clearly erroneous. *In re Humble Place Joint Venture,* 936 F.2d 814, 816 (5th Cir.1991). *See also In re Johnston,* 149 B.R. 158, 160 (9th Cir. BAP 1992) (holding that a Bankruptcy Court is given wide discretion to convert a Chapter 11 case to Chapter 7 for cause, and an order for conversion is reviewed for an abuse of discretion); *In re Winslow,* 123 B.R. 641, 643 (D.Colo.1991) (holding that a Bankruptcy Court's decision to convert or dismiss a Chapter 11 case is a matter within its discretion), *aff'd,* 949 F.2d 401 (10th Cir.). Also, although § 1112(b) lists ten grounds for the dismissal or conversion of a Chapter 11 case, that list is not exclusive. *In re Gonic Realty Trust,* 909 F.2d at 626; *Hall v. Vance,* 887 F.2d 1041, 1044 (10th Cir.1989).

In the present case, no dispute exists in the record regarding whether the Debtors did in fact pay their 1993 post-petition federal income taxes. They did not pay, in violation of Bankruptcy Local Rule B–215.2.[3]

(a) Every trustee or other debtor who operates a business under any chapter of the United States Code shall:

During the hearing on the Motion to Dismiss, the Bankruptcy Judge ascertained that the amount of the 1993 federal income tax liability was based on the Debtors' filed income tax returns, and not on an audit or examination by the IRS.

The Debtors admitted that they owe the tax, but asserted that they have "received commitments from friends" that the tax sum will be given as a gift to the Debtors. Debtors' counsel stated that the Debtors' unnamed accountant was investigating the possibility that the Debtors' 1993 income tax liability might be eliminated by the application of certain "carry forward" losses incurred in prior years, yet counsel presented no evidence to support this contention. In fact, Debtors' counsel stated that the accountant refused to place such an opinion in writing. Furthermore, the Debtors contend they demonstrated the financial ability to accomplish a successful reorganization, citing information contained in their Disclosure Statements. Thus, the debtors claim that the Bankruptcy Court's decision is clearly erroneous because "the asserted existence of tax liability ... does not reach the legal equivalent of either a failure to comply with the Court's requirement, nor a finding of economic inability to propose and enforce a viable reorganization plan." (Appellants' Brief, p. 5.)

That the Debtors may have friends willing to give them the money to pay the tax liability at some future date does not change the fact that they have not paid "all federal, state and local taxes ... when due."[4] Further, Debtors' contention that they may possibly be able to eliminate their federal income tax

liability through certain "carry forward" losses is irrelevant, as no evidence on this point was presented to the Bankruptcy Judge. Also, even though the Debtors claim that the information contained in their Second Amended Disclosure indicates their ability to accomplish a successful reorganization, the fact remains that they are unable to (without the help of friends) pay their post-petition taxes. The Bankruptcy Judge was not clearly in error in concluding that this evidences the "absence of a reasonable likelihood of rehabilitation."

■ The failure of a Chapter 11 debtor-in-possession to pay post-petition taxes has been held to constitute cause for conversion or dismissal under § 1112(b). *Matter of Santiago Vela*, 87 B.R. 229, 231 (Bkrtcy. D.P.R.1988); *In re Hinchliffe*, 164 B.R. 45, 52 (Bkrtcy.E.D.Pa.1994). In *Matter of Santiago Vela*, the Chapter 11 debtors had failed to pay their post-petition federal self-employment taxes, and the United States moved to convert to Chapter 7. In deciding that the case should converted, the Bankruptcy Court found that the Debtors' failure to pay the post-petition taxes evidenced (1) a continuing loss or diminution of the estate and (2) was a factor considered in its determination that there was no reasonable likelihood of rehabilitation. Finally, the Bankruptcy Court held that the Debtors' failure to pay the post-petition taxes constituted "unreasonable delay" within the meaning of § 1112(b)(3).

The Bankruptcy Court was not clearly in error in dismissing the Chapter 11 case for cause under 11 U.S.C. § 1112. The record indicates that the Debtors did not pay (and

---

(1) file all federal, state and local tax returns and shall pay all federal, state and local taxes on account of the operations of the estate when due....
L.R. B–215.2.

**4.** L.R. B–215.2. This court also notes that it is apparent from the record that Debtors also failed to pay real estate and personal property taxes. *See* Second Amended Disclosure Statement, p. 16. The Statement further reads as follows:

The Debtors relate there is a claim that they are delinquent in the payment of Real Estate taxes while in this Reorganization in the asserted sum of $2,500.00. They have received commitments from friends that the sums, if owed, will be given as a gift to Debtors within

15 days of the request. The offer is deferred however because the Debtor's Accountant is presently computing the effects of loss carry-back to determine if this amount is, in fact, owed.

*Id.* This court finds it curious that this is the identical argument counsel made in its Appellants' Brief with regard to delinquent real estate taxes, without addressing the issue at hand, the failure to pay federal income tax.

This additional evidence of violation of the Local Rules and "absence of a reasonable likelihood of rehabilitation," *see* 11 U.S.C. § 1112(b)(1), further supports the Bankruptcy Judge's decision.

still have not paid) their post-petition 1993 federal income taxes; that they are unable to pay the taxes without assistance from others; and that in failing to pay the income taxes they violated the Bankruptcy Court's Local Rule B–215.2. Based on this record, the Bankruptcy Court correctly found that the failure to pay the post-petition taxes constituted "cause" to dismiss or convert the Chapter 11 case under § 1112(b), and being unable to convert to Chapter 7 without the Debtors' consent in light of their status as farmers, *see* 11 U.S.C. § 1112(c), the Bankruptcy Court properly dismissed the Debtors' case.

### CONCLUSION

For the foregoing reasons, the Bankruptcy Court's decision to dismiss the Debtors Chapter 11 proceeding is AFFIRMED.