**In re Wayne Michael BENNETT, Debtor.**

**Bankruptcy No. 91–704–6B3.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

May 20, 1996.

Robert H. Pflueger, Altamonte Springs, FL, for Debtor.

I. Randall Gold, Assistant United States Attorney, Orlando, FL, for U.S.A.

Richard A. Palmer, Trustee.

## MEMORANDUM OPINION

ARTHUR B. BRISKMAN, Bankruptcy Judge.

At Orlando, in said District on the 7th day of May, 1996, before Arthur B. Briskman, Bankruptcy Judge.

This matter came before the Court on the United States of America's Motion to Dismiss. (Doc. 61). Appearing before the Court were Robert Pflueger, attorney for the Debtor, Wayne Michael Bennett; I. Randall Gold, attorney for the United States of America; and Richard Palmer, Trustee. After reviewing the motion, arguments of counsel, and authorities for their respective positions, the Court makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1. On February 13, 1991, the Debtor filed for relief under Chapter 13 of the Bankruptcy Code.

2. On February 15, 1991, the Court entered an Order Establishing Duties of Debtor and Confirmation Procedures, Ordering Debtor's Compliance, Permitting Use of Property, Allowing Administrative Expenses, and Ordering Adequate Protection Payments ("Duties Order"). The Duties Order required the Debtor to meet all personal tax obligations by filing any federal and state tax returns and to remain current on all federal and state taxes coming due after the commencement of the case.

3. On December 5, 1991, the Court entered an Order Confirming Chapter 13 Plan, Allowing Claims, Directing Distribution, Et Al. 11 U.S.C. § 1325. The confirmation order provided that "[t]he debtor shall not incur any indebtedness without prior approval of the Court or the Trustee." (Doc. 59)

4. Pursuant to the confirmed plan, the Internal Revenue Service ("IRS") was to receive the full amount of its administrative claim of $2,323.87, the full amount with interest on the secured claim of $55,467.68 and the full amount of the unsecured priority claim of the IRS of $53,531.69.

5. The plan provided for the unsecured claimants to receive a pro-rata share of their claims. The IRS had an unsecured claim in the amount of $13,542.18. The total amount of unsecured claims was $46,596.00. The amount paid to the unsecured claimants totalled $23,053.98.

6. The Debtor has made all 60 of the required monthly payments in accordance with the Chapter 13 plan.

7. Following the confirmation of the Chapter 13 plan, the Debtor incurred significant post-confirmation tax liabilities without prior approval of the Court or the Trustee in contradiction of this Court's Order dated December 5, 1991.

8. During the time that the Debtor was making the required payments under the plan, the Debtor incurred additional post-confirmation taxes for the employment tax quarters ended June 30, 1993 through June 30, 1995 and income tax liabilities for the years 1992 and 1993 for a total amount of $83,508.77.

9. The IRS filed a claim pursuant to 11 U.S.C. § 1305(a) for the post-confirmation tax liabilities in the amount of $83,508.77 on October 12, 1995.

10. On January 18, 1996, the IRS sent a letter to the Debtor's attorney requesting that the Chapter 13 plan be amended to include the amount listed on the 51305 claim in the confirmed plan payments. The IRS did not receive a Motion to Amend Chapter 13 Plan from the Debtor.

11. Although the Debtor has paid in full his prepetition debt to the United States of America, excluding the IRS's unsecured claim of $13,542.18, the Debtor has accrued additional debt of over $83,000.00 after four years of bankruptcy.

██ 12. The Debtor continued to fund his Chapter 13 plan while he failed to pay the current taxes. The Debtor's failure to pay the post-confirmation tax liabilities while making payments under the Chapter 13 plan constitutes a lack of good faith.

13. The continued failure of the Debtor to pay both income and employment tax liabilities following the confirmation of the Chapter 13 plan is an unreasonable delay that is prejudicial to the United States of America as a prepetition and postpetition creditor of the Debtor.

14. Sufficient cause exists to dismiss the Debtor's bankruptcy case as a consequence of the Debtor's failure to pay his current taxes while continuing to fund his Chapter 13 plan.

### CONCLUSIONS OF LAW

Section 1307(c) of Title 11 provides that upon the request of a party in interest or the United States trustee, a court may dismiss a case under this chapter for cause and lists a number of bases for dismissal. 11 U.S.C. § 1307(c). One of these bases is unreasonable delay by the debtor that is prejudicial to creditors. 11 U.S.C. § 1307(c)(1). Although lack of good faith is not enumerated as a specific basis for dismissal, courts have recognized lack of good faith as cause for dismissal of a Chapter 13 case. *In re Love,* 957 F.2d 1350, 1354 (7th Cir.1992); *In re Stathatos,* 163 B.R. 83, 87 (N.D.Tex.1993); *In re Powers,* 135 B.R. 980, 991 (Bankr.C.D.Cal. 1991); *Ekeke v. United States,* 133 B.R. 450, 452 (S.D.Ill.1991) (stating that by the terms of § 1307(c), the enumerated causes of § 1307(c) are not exhaustive).

██ One of the primary purposes of the Bankruptcy Code is to give the "honest but unfortunate" debtor a fresh start. *Grogan v. Garner,* 498 U.S. 279, 286–87, 111 S.Ct. 654, 659, 112 L.Ed.2d 755 (1991); *In re Haas,* 48 F.3d 1153, 1156 (11th Cir.1995). In filing bankruptcy, the Debtor sought this Court's protection from creditors, including the IRS. The Debtor seeks a discharge for completion of the Chapter 13 plan. The Debtor may not use the bankruptcy process to discharge prepetition debt while simultaneously not paying post-confirmation taxes.

Title 26 of the United States Code pertains to the Internal Revenue Code. Section 6001 of Title 26 states that "[e]very person liable for any tax imposed by this title . . . shall . . . make such returns, and comply with such rules and regulations as the Secretary may from time to time prescribe." 26 U.S.C. § 6001.

The Court's February 15, 1991 Duties Order required the Debtor not only to meet all his personal tax obligations by filing federal and state tax returns but to remain current as well on all federal and state taxes coming due after the commencement of the case. In addition, the December 5, 1991 Confirmation Order commanded that the Debtor not incur any indebtedness without prior approval of the Court or Trustee. In contradiction of these orders, the Debtor failed to pay post-confirmation taxes and incurred indebtedness without prior approval. The Debtor's failure to remain current on his taxes facilitated the Debtor's ability to fund the Chapter 13 plan.

The Debtor seeks the benefit of a discharge based on his completion of the confirmed Chapter 13 plan. It is contrary to the Bankruptcy Code's goal of protecting the honest but unfortunate debtor to grant the Debtor a discharge when he failed to remain current with the taxes coming due after commencement of the bankruptcy case while simultaneously funding his Chapter 13 plan.

The Debtor's conduct is evidence of a lack of good faith. The Court will not permit the Debtor to use the bankruptcy process as a subterfuge. Further, the Debtor's continued failure to pay income and employment tax liabilities after confirmation of the Chapter 13 plan is an unreasonable delay that is prejudicial to the United States of America as a prepetition and postpetition creditor of the Debtor and is contrary to 11 U.S.C. § 1307(c)(1). The Motion to Dismiss is due to be granted.

## ORDER

In conformity with and pursuant to the **Memorandum Opinion** entered contemporaneously herewith, it is

**ORDERED, ADJUDGED and DE-CREED** that the United States of America's Motion to Dismiss is **GRANTED** (Doc. 61); and it is further

**ORDERED, ADJUDGED and DE-CREED** that this bankruptcy case is **DISMISSED.**