In re Robert J. KOVAL and Yvonne B. Koval, Debtors.

Bankruptcy No. 391–36521–HCA–13.

United States Bankruptcy Court,
N.D. Texas,
Dallas Division.

Oct. 24, 1996.

Waymon G. DuBose, Jr., Department of Justice, Dallas, TX, for U.S.

Christian S. Nielsen, Dallas, TX, for debtor.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

HAROLD C. ABRAMSON, Bankruptcy Judge.

Came before the Court for consideration on the 18th day of June 1996, the Motion to Dismiss ("Motion") filed by the United States of America on behalf of the Internal Revenue Service ("Internal Revenue Service" or "IRS"). Also, scheduled at the same time was a hearing on Debtors' Motion For (Partial) Summary Judgment in Adversary Proceeding No. 396–3007. The Debtors did not appear at the hearing. The Court chose to first hear the Motion to Dismiss. The Court heard evidence and argument of counsel, and makes the following findings of fact and conclusions of law pursuant to Federal Rules of Bankruptcy Procedure 7052 and 9014. This Court has jurisdiction over this contested proceeding pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 151, and the standing order of reference in this district. This Matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). The Court finds as follows:

### Findings of Fact

1. Robert Koval is a licensed physician and formerly operated his medical practice through Douglas Plaza Medical Center, P.A. ("Douglas Plaza"), of which he was president

and sole-shareholder, at 8226 Douglas, Suite 355, Dallas, Texas, until early 1991.

2. On March 25, 1991, Douglas Plaza filed a Chapter 7 petition, Case Number 391–32315–RCM–7.

3. On March 26, 1991, Robert and Yvonne Koval ("Debtors") filed a Chapter 7 petition, Case Number 391–32351–RCM–7.

4. On August 23, 1991, an Order of Discharge was signed in Debtors' Chapter 7 bankruptcy proceeding. The Order of Discharge was not entered in Debtors' Chapter 7 bankruptcy proceeding until September 4, 1991.

5. On August 23, 1991, Debtors also filed the present Chapter 13 bankruptcy proceeding.

6. Other than three vehicle lease creditors (for 1990 Saab, 1991 Lexus and 1988 Cadillac Brougham), the IRS is the sole creditor in the Debtors' current Chapter 13 bankruptcy.

7. Debtors acknowledge (at ¶ 5 of the Second Amended Complaint) receipt of a "thirty-day letter" dated May 18, 1994 (attached as Exhibit B to the Complaint), and a "ninety-day letter" dated December 7, 1994, which relate to Debtors' proposed additional federal income tax liability resulting from examination by the Internal Revenue Service of returns for tax years 1989, 1990 and 1991.

8. Debtors did not file a petition in U.S. Tax Court to contest the proposed deficiencies for tax years 1989, 1990 or 1991 contained in the "ninety-day letter" dated December 7, 1994.

9. On May 5, 1995, Debtors, through their bankruptcy attorney of record, Christian S. Nielsen, filed a proof of claim on behalf of the Internal Revenue Service for 1989, 1990 and 1991 federal income tax liability in the estimated aggregate amount of $500,000.00 as a result of the receipt of the "thirty-day letter" and the "ninety-day letter."

10. On May 22, 1995, the Internal Revenue Service assessed the proposed additional 1991 federal income tax liability in the aggregate amount of $385,534.89 because the Debtors failed to file a petition in the U.S. Tax Court within 90 days from the date of the "ninety-day letter."

11. Debtors have not paid the 1991 income tax liability or any portion thereof, or made an offer in compromise to the Internal Revenue Service with respect to that tax liability.

12. The Internal Revenue Service has not filed a Proof of Claim in this Chapter 13 bankruptcy for Debtors' post-petition income tax liability for 1991.

13. On January 5, 1996, Debtors filed a Complaint for an Accounting and Determination of Income Tax Liability against the Internal Revenue Service in Adversary Proceeding No. 396–3007.

14. On February 12, 1996, the United States, on behalf of the Internal Revenue Service, served and filed an Answer to Complaint in Adversary Proceeding No. 396–3007.

15. On March 13, 1996, Debtors filed a Motion For Summary Judgment as to the Defenses Raised by the Internal Revenue Service. The Court granted this Motion.

16. On March 25, 1996, Debtors filed a First Amended Complaint for an Accounting, Determination of Income Tax Liability and Determination of Dischargeability of Debt against the Internal Revenue Service in Adversary Proceeding No. 396–3007 without filing a motion for leave to file the First Amended Complaint.

17. On April 19, 1996, Debtors filed a motion for leave to file a Second Amended Complaint for an Accounting, Determination of Income Tax Liability and Determination of Dischargeability of Debt, and also filed the Second Amended Complaint, in Adversary Proceeding No. 396–3007.

18. On April 26, 1996, Debtors filed another Motion For (Partial) Summary Judgment in Adversary Proceeding No. 396–3007.

19. On May 15, 1996, this Court signed an order granting Debtors' motion for leave to file the Second Amended Complaint in Adversary Proceeding No. 396–3007.

20. As of June 18, 1996, Debtors had not filed federal income tax returns for post-

petition years 1992, 1993, 1994 and 1995. Debtors requested and received an extension to file their federal income tax return for 1995 until August 15, 1996. Debtors requested and received extensions to file their federal income tax return for post-petition years 1992, 1993, and 1994, but had not filed those returns as of June 18, 1996.

21. On April 29, 1992, Debtor Robert Koval incorporated One Health Place, P.A. ("One Health Place"), a professional association, for the purpose of operating a general family medical practice at 8226 Douglas, Suite 355, Dallas, Texas.

22. Debtor Robert Koval is the President, Vice–President, Secretary, Treasurer, sole member and Director of One Health Place.

23. On April 15, 1996, Debtor Robert Koval was assessed $13,265.39 under 26 U.S.C. § 6672 for the trust fund portion of the Form 941 employment taxes of One Health Place for the third and fourth quarters of 1992. Debtor Robert Koval has not paid this trust fund tax liability.

24. On October 31, 1992, One Health Place filed a Form 941 tax return for the third quarter of 1992, reporting a balance due of $10,100.78.

25. On January 31, 1993, One Health Place filed a Form 941 tax return for the fourth quarter of 1992, reporting a balance due of $10,408.22.

26. On April 30, 1993, One Health Place filed a Form 941 tax return for the first quarter of 1993, reporting a balance due of $10,136.72.

27. On July 31, 1993, One Health Place filed a Form 941 tax return for the second quarter of 1993, reporting a balance due of $10,412.42.

28. On October 31, 1993, One Health Place filed a Form 941 tax return for the third quarter of 1993, reporting a balance due of $10,081.08.

29. On January 31, 1994, One Health Place filed a Form 941 tax return for the fourth quarter of 1993, reporting a balance due of $10,360.94.

30. On April 30, 1994, One Health Place filed a Form 941 tax return for the first quarter of 1994, reporting a balance due of $9,768.68.

31. On July 31, 1994, One Health Place filed a Form 941 tax return for the second quarter of 1994, reporting a balance due of $9,070.54.

32. On October 31, 1994, One Health Place filed a Form 941 tax return for the third quarter of 1994, reporting a balance due of $10,167.78.

33. On February 24, 1995, One Health Place filed a Form 941 tax return for the fourth quarter of 1994 late, reporting a balance due of $6,166.02.

34. On April 30, 1995, One Health Place filed a Form 941 tax return for the first quarter of 1995, reporting a balance due of $14,546.57.

35. On December 1, 1995, One Health Place filed a Form 941 tax return for the second quarter of 1995 late, reporting a balance due of $16,314.65.

36. On December 1, 1995, One Health Place filed a Form 941 tax return for the third quarter of 1995 late, reporting a balance due of $14,498.33.

37. On January 31, 1996, One Health Place filed a Form 941 tax return for the fourth quarter of 1995, reporting a balance due of $12,830.63.

38. On January 31, 1993, One Health Place filed a Form 940 tax return for the year ending December 31, 1992, reporting a balance due of $336.00.

39. On March 2, 1995, One Health Place filed a Form 940 tax return for the year ending December 31, 1994, late reporting a balance due of $311.56.

40. On January 31, 1996, One Health Place filed a Form 940 tax return for the year ending December 31, 1995, reporting a balance due of $390.80.

41. As of May 15, 1996, One Health Place owes approximately $230,770.54 of Form 941 and Form 940 taxes, interest and penalties.

42. As of June 18, 1996, One Health Place had not filed federal income tax returns (Form 1120) for years 1993, 1994 and 1995.

43. On June 14, 1996, Debtor Robert Koval was assessed $95,125.95 under 26 U.S.C. § 6672 for the trust fund portion of the Form 941 employment taxes of One Health Place for the first, second, third and fourth quarters of 1993, 1994, and 1995. Debtor Robert Koval has not paid this trust fund tax liability.

44. The week prior to the hearing, Debtors had federal income tax returns prepared for post-petition years 1992, 1993, 1994 and 1995, but had not filed those returns as of the hearing.

45. Debtors' unfiled federal income tax return for 1992 shows an overpayment of $2,000.

46. Debtors' unfiled federal income tax return for 1993 shows a balance owing of $16,389.

47. Debtors' unfiled federal income tax return for 1994 shows a balance owing of $13,959.

48. Debtors' unfiled federal income tax return for 1995 shows a balance owing of $3,741.

49. Based on the federal income tax liability against Debtors for post-petition year 1991, Debtors' unfiled federal income tax returns for post-petition years 1993, 1994 and 1995, and the two assessments against Debtor Robert Koval under 26 U.S.C. § 6672 for the trust fund portion of the Form 941 employment taxes of One Health Place for the third and fourth quarters of 1992, and for the first, second, third and fourth quarters of 1993, 1994, and 1995, Debtors owe approximately $528,018.23. This figure does not include all of the accruals of statutory interest and penalties for failure to pay tax and failure to file returns.

50. In addition, the week prior to the hearing, Debtor Robert Koval had federal income tax returns (Form 1120) prepared for his medical practice, One Health Place, for post-petition years 1993, 1994 and 1995, but had not filed those returns as of the hearing.

51. The federal income tax return (Form 1120) prepared for One Health Place for 1993 shows a balance owing of $25,702.00.

52. The federal income tax return (Form 1120) prepared for One Health Place for 1994 shows a balance owing of $21,547.00.

53. The federal income tax return (Form 1120) prepared for One Health Place for 1995 shows a balance owing of $2,151.00.

54. Based on the unfiled federal income tax returns (Form 1120) for One Health Place, which were signed by Debtor Robert Koval, for post-petition years 1993, 1994 and 1995, One Health Place owes approximately $49,400.00. This figure does not include accruals of statutory interest and penalties for failure to pay tax and failure to file returns.

55. Debtor Robert Koval, as president, vice-president, secretary, treasurer and sole-shareholder, has allowed One Health Place to incur more than $230,000 of Form 941 and Form 940 taxes, interest and penalties.

56. In Debtors' present Chapter 13 bankruptcy proceeding, the Internal Revenue Service timely filed a proof of claim in the amount of $86,740.23, which included a 100 percent penalty in excess of $35,000 against Debtor Robert Koval from Douglas Plaza, his prior medical practice, for failure to pay Form 941 taxes.

57. Debtors had made all of the payments required by their Chapter 13 Plan as of the date of the hearing. This Plan had been confirmed by the Court in 1992.

58. Any finding of fact more properly deemed to be a conclusion of law is hereby incorporated in this Court's conclusions of law.

### Conclusions of Law

1. A bankruptcy court may dismiss a Chapter 13 case for cause under 11 U.S.C. § 1307(c). *Stathatos v. Trustee (In re Stathatos)*, 163 B.R. 83 (N.D.Tex.1993). "Lack of good faith is 'cause' for dismissal." *Id.* at 87. Moreover, a bankruptcy court has discretion to dismiss a Chapter 13 case with prejudice to refiling. *Id.* at 87.

2. The Internal Revenue Code imposes a duty to file federal income tax returns and to pay taxes shown on the returns. *26 U.S.C. §§ 6001, 6011, 6012, and 6151.*

3. Under § 9(h), of General Order 93–1 (Standing Order Concerning all Chapter 13 Cases) of this Court, debtors are required to timely file all post-petition federal tax returns, and pay all taxes due pursuant to said returns. Failure to do so within 30 days after notice to debtor and debtor's counsel is cause for dismissal under § 9(j), of General Order 93–1.

 4. Although General Order 93–1 only applies to all Chapter 13 Cases filed on or after March 1, 1993, it evidences this Court's determination that Chapter 13 debtors must timely file all post-petition federal tax returns, and pay all tax due pursuant to the returns or have their cases dismissed.

5. Failure of Debtors in this case to timely file all post-petition federal tax returns, and pay all tax due pursuant to the returns, and to comply with § 9(h), of General Order 93–1 violates the spirit of the General Order and is cause for dismissal.

6. Likewise, failure of Debtors in this case to comply with § 9(h), of General Order 93–1 is cause for dismissal under 11 U.S.C. § 1307(c). *See Berryhill v. U.S. (In re Berryhill)*, 189 B.R. 463 (N.D.Ind.1995) (debtor's nonpayment of post-petition federal income taxes constituted casue for dismissal of Chapter 11 case).

7. Debtors are attempting to take advantage of the protection of the Bankruptcy Court while totally ignoring the requirement of the Internal Revenue Code, Title 26 U.S.C.

8. Under 11 U.S.C. § 105(a), this Court is empowered to enter any order that is necessary or appropriate to carry out the provisions of the Bankruptcy Code.

9. Debtors should not be able to afford themselves of the special and equitable benefits afforded by the Bankruptcy Code while ignoring the duties and responsibilities imposed by the Tax Code. It is not good faith for Debtors to file Chapter 13 bankruptcy and then continue to earn income but not pay the post-petition taxes on that income.

10. Cause exists, pursuant to 11 U.S.C. § 1307, to dismiss this case for failing to file post-petition federal tax returns and to pay post-petition taxes.

11. This case should be dismissed with an injunction under 11 U.S.C. § 105(a) enjoining Debtors from filing a bankruptcy anywhere in the United States for two years from June 18, 1996.

12. Any conclusion of law more properly deemed to be a finding of fact is hereby incorporated in this Court's findings of fact.