In re Hugo Edison CORBO, Debtor.

No. BKY 05–30319.

United States Bankruptcy Court,
D. Minnesota.

Aug. 11, 2008.

Becky A. Moshier, Becky A. Moshier Attorney at Law, St. Paul, MN, for Debtor.

## ORDER

DENNIS D. O'BRIEN, Bankruptcy Judge.

This matter came before the Court for hearing on the debtor's motion to modify his Chapter 13 plan after confirmation with objections thereto and motions to dismiss by the Chapter 13 Trustee and the IRS. Becky A. Moshier appeared on behalf of the debtor, Hugo Edison Corbo. Margaret H. Culp appeared on behalf of the Chapter 13 Trustee, Jasmine Z. Keller. David L. Zoss appeared on behalf of the United States Internal Revenue Service. At the conclusion of the hearing, the Court took the matter under advisement. Being now fully advised, the Court makes this

Order pursuant to the Federal and Local Rules of Bankruptcy Procedure.

## I. BACKGROUND

The debtor, Hugo Corbo, obtained confirmation of his original Chapter 13 plan on March 10, 2005. The monthly plan payment was scheduled to increase from $600 to $825 as of February, 2007. However, Corbo purportedly forgot about the increase until November 14, 2007, when the Chapter 13 Trustee filed a motion to dismiss for failure to make payments according to the plan.[1] Corbo's counsel requested additional time and the hearing was continued to January 10, 2008.

The trustee's motion was thereafter continued to February 14, 2008, to be heard together with Corbo's motion to confirm a modified plan. The trustee filed a "disposable income" objection to the new plan,[2] and the matter was again continued. In the meantime, the IRS filed a "feasibility" objection to the new plan, as well as a motion to dismiss based upon Corbo's failure to pay post petition federal tax liabilities for tax years ending while the case was pending. The hearing was continued, the modified plan denied, the motion to dismiss continued, and a second modified plan proposed.

On June 12, 2008, the Court held a hearing to address both renewed objections and both motions to dismiss with respect to the proposed modified plan dated April 14, 2008. The proposed plan provides for twenty-two monthly payments of $985 commencing April, 2008. The plan fully provides for the IRS unsecured priority claim of $8,982, as the original 2005 controlling plan also provides. The plan does not provide for payment of Corbo's unpaid post-petition federal income tax liabilities for 2005, 2006, and 2007.[3] The new plan does include the following provision:

13. Other Provisions—

a. The debtor will file as and when due any and all post petition federal tax returns of any kind; and will timely pay as and when due any and all post petition federal tax liabilities of any kind. Should the debtor fail to file as and when do any and all post petition federal tax returns of any kind; or fail to timely pay as and when do any and all post petition federal tax liabilities of any kind, the Internal Revenue Service will be entitled to an *ex parte* order for dismissal of this case without notice or hearing upon the filing of an affidavit with the Court

1. that attests to such default and also that the Internal Revenue Service mailed a letter by first class mail to the debtor and to the

---

**1.** At the time of the hearing, June 12, 2008, the Chapter 13 Trustee represented that the debtor was current with plan payments at that point. No further argument in support of the Trustee's initial motion to dismiss for failure to make plan payments was offered, and therefore the Court deems the Trustee's motion to dismiss withdrawn.

**2.** "The Trustee requires that self-employed persons file monthly reports to verify income and expenses during the pendency of the case. A review of the Trustee's records shows that the Debtor has failed to supply the Trustee with regular monthly reports for a significant

period of time, including the period of time during which the Debtor 'forgot' to increase his monthly payment amount. As such, the Trustee cannot determine whether the Debtor is devoting all of his disposable income to payments under the Plan during the three-year period beginning on the first date payments became due, nor can the Trustee determine that the Plan is feasible. 11 U.S.C. § 1325(b)(1)(B). 11 U.S.C. § 1325(a)(6)."

**3.** Corbo's unpaid federal tax liability for 2005 is $803.23; for 2006 it is $7,361.45; and based on IRS estimates for 2007 it is more than $7,000.

debtor's counsel that gave notice of said default and a 15 day period to cure said default; and,

2. that the debtor fail to cure said default within said 15 day period.[4]

Hugo E. Corbo, proposed Chapter 13 plan dated April 14, 2008, continuation sheet.

At the hearing in this matter, the IRS argued that a condition of viability in Chapter 13 is a debtor's compliance with ongoing federal tax liability, and that the failure to stay current with federal tax requirements is cause for dismissal of a Chapter 13 plan. The IRS reported that apparently 35–40% of confirmed Chapter 13 cases with tax issues end up with unpaid post petition tax delinquencies, and requested a bright line rule requiring that a Chapter 13 debtor must file tax returns and pay taxes as due during the pendency of a Chapter 13 plan, or face dismissal.

Corbo admitted that he does not have the financial wherewithal to make both the payments required under the proposed modified plan and satisfy his 2005–2007 post petition tax liability, during the remaining life of the plan. The IRS position is that it should not be forced to let the debtor's outstanding post petition tax liability wait in abeyance until the conclusion of the plan. According to counsel for the debtor, however, the Minnesota Department of Revenue policy is exactly contrary—it waits until the conclusion of a Chapter 13 plan to pursue post petition tax delinquencies.

Corbo argued that dismissal for unpaid post petition tax liabilities is an extreme sanction; that he has corrected his withholding to avoid additional post petition tax liabilities going forward from 2008; and that he would agree to include in the plan a provision that he would remain current with future post petition tax liabilities including 2008 and thereafter, the failure of which would be grounds for dismissal.[5]

The Chapter 13 Trustee noted that Corbo is now current in his Chapter 13 payments, and expressed the position that there is no problem adding post petition tax liabilities to a modified plan as long as the plan is re-structured so that the original distribution to other creditors is retained. The Trustee does not support adding post petition taxes "into the plan" if the result is to leave original plan creditors underfunded.

The issues before the Court, therefore, are three: 1) dismissal based on failure to remain current with post petition tax liabilities during the pendency of the Chapter 13 case, under the controlling plan confirmed on March 10, 2005; 2) confirmation in light of conceded lack of feasibility to fund both the plan and outstanding post petition tax liabilities; and 3) confirmation based on a lack of up to date self-employment information necessary to the Chapter 13 Trustee to determine disposable income. For the reasons set forth below, the IRS motion to dismiss must be denied, and the objections to confirmation are

4. The IRS did not request entitlement to ex parte dismissal for default. The provision it wishes to require included in this and all Chapter 13 plans is one which provides that post petition tax return and tax liability and payment delinquencies *constitute grounds for dismissal.*

5. Corbo requested, should his case not be dismissed on this motion, additional time to amend his proposed modified plan to replace

the requirement that he remain current with all post petition tax filing and tax liability payments to a requirement that he remain so current only going forward, including the year 2008 and thereafter. The Court therefore construes the request as in effect a withdrawal of the proposed modified plan dated April 14, 2008, and of the motion to modify the original confirmed plan.

moot for no longer being properly before the Court.

## II. DISCUSSION

■ The IRS claims that sections 1325(a)(1) and (a)(6) together require that "federal tax liabilities that come due for tax years ending while the case is pending must be paid when due." The IRS contends that "[f]or a proposed plan to be feasible the debtor must be able to pay both the payments called for by the plan and his post petition tax liabilities as they arise." Moreover, the IRS argues that any proposed plan must contain a provision requiring post petition tax compliance in order to be feasible.

Section 1325(a)(1) provides:

(a) Except as provided in subsection (b), the court shall confirm a plan if—

(1) the plan complies with the provisions of this chapter and with the other applicable provisions of this title;

See 11 U.S.C. § 1325(a)(1).

Section 1325(a)(6) provides:

(6) the debtor will be able to make all payments under the plan and to comply with the plan;

See 11 U.S.C. § 1325(a)(6).

The IRS cited several cases in support of its contention that feasibility for purposes of Chapter 13 confirmation means not just a debtor's ability to make all payments under a plan, but also a debtor's ability to meet all post petition tax obligations contemporaneously throughout the life of the plan, and that failure to comply with post petition tax requirements is therefore unequivocal cause for dismissal.

The Bankruptcy Court for the District of Oregon is in agreement with the IRS, and provided a detailed analysis of its holding in an unpublished decision *In re Robertson*, 2000 WL 33716977 (Bankr. D.Or.2000):

There are few reported cases involving the effect of failure to pay postpetition taxes under Code § 1307. In *In re Bennett*, 200 B.R. 252 (Bankr. M.D.Fl[a].1996), the debtor's failure to pay postpetition taxes was found to be in violation of an "order establishing duties of debtor" requiring the debtor to meet all personal tax obligations, and a confirmation order providing that the debtor not incur any indebtedness without prior approval of the court or the trustee. Similarly, *In re Koval*, 205 B.R. 72 (Bankr.N.D.T[e]x.1996), found that failure to pay postpetition taxes violated the "spirit" of a general order requiring not only the timely filing of tax returns but the payment of taxes due pursuant to such returns. There is no equivalent general order in effect in the District of Oregon, and, as seen, no explicit direction in the confirmation order requiring payment of postpetition taxes.

While no specific directive has been violated, it remains an open question whether failure to pay postpetition taxes constitutes cause for dismissal under Code § 1307. In my opinion it does. The general purpose of Chapter 13 is to allow an honest debtor the opportunity to pay her debts, or at least some of them, through application of future assets, such as income, as opposed to the liquidation of present assets. *See In re Cornelius*, 195 B.R. 831, 837 (Bankr. N.D.N.Y.1995). Willful avoidance by a debtor of legal obligations as they become due postpetition is inconsistent with Congress' purpose in establishing Chapter 13.

The payment of postpetition taxes as they come due is required by law. Nothing in the Bankruptcy Code, the plan confirmed by the Court, or the confirmation order, can be said to relieve the Debtor of that duty; nor can

failure to pay taxes without legal justification be said to be within the ordinary course; by putting herself in a position of having to choose between making mandatory tax payments or mandatory plan payments, the Debtor has effectively destroyed the rehabilitative effect of the plan, and thus the plan's very purpose. It follows that failure to make the required tax payments is cause for dismissal under Code § 1307.

See *In re Robertson,* 2000 WL 33716977 (Bankr.D.Or.2000); *see also In re Wigley* 333 B.R. 768, 779–781 (Bankr.N.D.Tex. 2005) (repeating pattern of tax evasion constitutes bad faith and warrants dismissal of the case for cause).

While this Court appreciates the virtue of the rationale and conclusion of *Robertson,* it is nevertheless problematic. The event of the initial plan confirmation is a segregated moment in time and the debtor's future circumstances, financial and otherwise, are only somewhat reliably predictable and often overwhelmingly speculative. Otherwise, of course, the Chapter 13 docket would not entertain so many modified plans, and not all of them reflect nefarious scheming. There is no certainty in concluding that all events of failure to satisfy post petition tax responsibilities constitute bad faith or per se cause for dismissal, and no legal basis from which to find default under the plan in any event, short of a specific provision or order requiring with particularity timely post petition tax compliance.

The obvious and central intention of any Chapter 13 plan is to restructure a debtor's finances so that he may pay off as much of his prepetition debt as possible out of his disposable income and still satisfy all of his other obligations going forward, during the pendency of the plan and, ideally, ever after. Of course, post petition taxes are an ongoing legal responsibility of the Chapter 13 debtor. But, taxes are merely one of many legal obligations the debtor will face post petition, and the Code makes no special provision in Chapter 13 to protect post petition tax obligations over any other ordinary post petition legal responsibilities. This Court is not the proper authority to install such a particular and determinative requirement, and interpreting its presence within § 1325(a)(6) is a spurious business.

At the hearing in this matter, the IRS noted that, unlike Chapter 11, *see* 11 U.S.C. § 1112(b)(4)(I), the provisions of Chapter 13 do not contain a specific requirement regarding remaining current with ongoing post petition federal tax liability. The IRS characterizes this distinction as an anomaly. There is scant support for concluding that the absence of a like provision in Chapter 13 is a distinction without a difference, however, and the available precedent is not overly persuasive.

Many of the decisions relied upon by the IRS are distinguishable. Several cases were dismissed under provisions within the controlling Chapter 13 plan, or pursuant to controlling court orders, specifically indicating failure to timely file post petition tax returns and timely pay post petition tax liabilities as cause for dismissal in the Chapter 13 environment. *See In re King,* 217 B.R. 623, 626 (Bankr.S.D.Cal.1998) (case dismissed for material default by the debtor with respect to a term of a confirmed plan, the term being the full payment of priority and section 1305(a)(1) claims and a 10% dividend to unsecured creditors); *In re Bennett,* 200 B.R. 252, 254 (Bankr.M.D.Fla.1996) (case dismissed for violation of "duties order" requiring Chapter 13 debtors to satisfy and remain current on all tax liabilities due after commencement of the case, and confirmation order requiring debtor not incur indebted-

ness without prior approval of the Court or Trustee); *Matter of Berryhill,* 189 B.R. 463, 465–466 (N.D.Ind.1995) (Chapter 11 case dismissed for violation of local rule requiring debtor in possession to pay post-petition federal income taxes when due); *In re Gonzalez,* 2005 WL 1819948 (Bankr. N.D.Tex.2005) (case dismissed for violation of general order requiring all post-petition federal tax returns filed when due and all post-petition tax liabilities paid when due, and for failing to do so constituting a pattern of dishonesty and bad faith); *In re Koval,* 205 B.R. 72, 76 (Bankr.N.D.Tex. 1996) (although standing order requiring Chapter 13 debtors to timely comply with post petition federal tax requirements or face dismissal was not effective to the case at bar, "it evidences this Court's determination" on the subject and therefore the debtors failure in the case at bar "violates the spirit of the General Order and is cause for dismissal.").

There is no controlling local rule or standing order in this jurisdiction requiring Chapter 13 debtors to file all post petition tax returns when due and to make all post petition tax payments when due. There is also no such provision in the controlling Chapter 13 plan in this case, the plan confirmed March 10, 2005, and therefore the plan is not in default. Were there such a provision applicable, the controversy here would require no discussion and would simply require enforcement by dismissal, unless a feasible modified plan were proposed and confirmable, or there existed some other prevailing circumstances. Accordingly, the IRS motion to dismiss, based on Corbo's failure to satisfy post petition tax obligations during the

pendency of his March 10, 2005, plan, must be denied.[6]

This Court agrees that "[d]ebtors should not be able to afford themselves of the special and equitable benefits afforded by the Bankruptcy Code while ignoring the duties and responsibilities imposed by the Tax Code," and that . . . "[i]t is not good faith for Debtors to file Chapter 13 bankruptcy and then continue to earn income but not pay the post-petition taxes on that income." *Gonzalez,* 2005 WL 1819948, quoting *Koval,* 205 B.R. at 76. However, there is nothing in the provisions of Chapter 13 that mandates dismissal for a debtor's failure to stay current with post petition tax obligations, any more than a debtor's failure to stay current with any other legal obligations. Without a controlling provision in the confirmed plan or a controlling order or local rule, post petition tax delinquency is not per se cause for dismissal.

■ With respect to feasibility, § 1325(a)(6) mandates consideration of all of the debtor's legitimate expenses in making the feasibility determination, at least to the full extent practicable and foreseeable. The debtor must be able to afford his proposed plan payments above and beyond being able to satisfy all of his other minimal and permissible legal obligations. And, in the post-confirmation modification process, the usual or former proposed plan payments and the usual going forward expenses of the debtor may not be the only post petition debts and costs to address.

■ In this case, there are uncontested established post petition tax delinquencies. The tax debt is not speculative, and approving a modified plan that simply ig-

---

**6.** The IRS claims it has no remedy, yet it has not filed for relief from stay to pursue collection against Corbo for the post petition delinquencies. Presumably this is because Corbo

is self-employed and collection may be more complicated and difficult than the ordinary-employee case.

nores the post petition tax delinquencies would probably be inappropriate in so much as it indicates bad faith. However, the Court need not determine the feasibility question because, although it is not in dispute that Corbo cannot afford both his plan payments and his post petition tax liability, there is no proposed modified plan properly before the Court for consideration, the debtor having withdrawn the April 14, 2008, plan at the time of this hearing. The original March 10, 2005, plan remains in effect. *See* n. 5, *supra*.

## III. DISPOSITION

IT IS HEREBY ORDERED:

1. The IRS motion to dismiss, based upon the debtor's failure to pay post petition federal tax liabilities for tax years ending during the pendency of this Chapter 13 case pursuant to the confirmed plan of March 10, 2005, is DENIED;

2. The modified plan dated April 14, 2008, having been withdrawn at the hearing, is not appropriately before the Court for a determination of confirmation; and accordingly the IRS and Chapter 13 Trustee objections to confirmation, based on feasibility and disposable income, are moot.