[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS #103
The defendants have filed this motion to dismiss this foreclosure action, claiming that the action was commenced during the time a bankruptcy stay was in effect after the defendants sought relief under Chapter 11 of the Bankruptcy Code. This action was commenced on July 7, 1995, seeking to foreclose a multi-million dollar loan to the defendants, Joseph and Loretta Calabrese, on property now occupied by the Waterbury Sheraton Inn and Conference Center in Waterbury. On June 20, 1994, Joseph Calabrese filed for Chapter 11 relief in the United States Bankruptcy Court for the District of Connecticut. Loretta Calabrese followed suit on September 23, 1994. As a result of these filings, an automatic stay, pursuant to Bankruptcy Code § 362(a), was imposed upon any action against either defendant.
On June 22, 1995, the bankruptcy court granted the motion of the creditors committee to compel abandonment of the subject property from the bankruptcy estate. Thereafter, the plaintiff instituted the present foreclosure action against each defendant's interest in the subject property on July 7, 1995. CT Page 2409
On July 26, 1995, the bankruptcy court, Krechevsky, J.,
entered an order granting the plaintiff retroactive relief from the stay as of June 22, 1995. The order reads as follows: "Ordered, Adjudged and Decreed that the automatic stay of section 362(a) of the Bankruptcy Code is modified nunc pro tunc, to the entry of the order directing the debtors to abandon the Property, to allow Prudential to exercise its rights under its security document, against the property." Exhibit B. On July 17, 1995, the defendants filed this motion to dismiss the present action for lack of subject matter jurisdiction.
The automatic stay is "`one of the fundamental debtor protections provided by the bankruptcy laws.'" MidlanticNational Bank v. New Jersey Dept. of Environmental Protection,474 U.S. 494, 503, 106 S.Ct. 755, 88 L.Ed.2d 859 (1986). "When a bankruptcy petition is filed, 362(a) of the Bankruptcy Code provides an automatic stay of, among other things, actions taken to realize the value of collateral given by the debtor." UnitedSavings Assn. of Texas v. Timbers of Inwood Forest Associates,Ltd., 484 U.S. 365, 369, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988). The filing of a bankruptcy petition stays "the commencement or continuation . . . of a judicial . . . action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title." 11 U.S.C. § 362
(a)(1). "The scope of the automatic stay is extremely broad, and should apply to almost any type of formal or informal action against the debtor or the property of the estate." (Internal quotation marks omitted.) In re Ormond Beach Assoc., LP,185 B.R. 408, 412 (Bkrtcy. D. Conn. 1995, Krechevsky, J.).
The imposition of a bankruptcy stay ousts state courts of jurisdiction regarding any claim made against the debtor. SeeKalb v. Feuerstein, 308 U.S. 433, 438-39, 108 S.Ct. 626,98 L.Ed.2d 740 (1940). "The States cannot, in the exercise of control over local laws and practice, vest state courts with power to violate the [automatic stay]." Id. Actions taken which knowingly or unknowingly violate the stay are generally void and of no effect. In re 48th Street Steakhouse, Inc.,835 F.2d 427, 431 (2d Cir. 1987), cert. denied, sub nom.Rockefeller Group, Inc. v. 48th Street Steakhouse, Inc.,485 U.S. 1035 (1988); In re Ormond Beach Ltd. Partnership, supra,185 B.R. 412; In re Carter, 131 B.R. 4, 6 (Bkrtcy. D. Conn. 1991.)
It is undisputed that the plaintiff violated the automatic CT Page 2410 stay when it commenced the instant foreclosure action after each of the defendants had filed for Chapter 11 protection. The issue before this court then is whether this violation was cured by the retroactive order of the bankruptcy court.
A creditor may obtain relief from a bankruptcy stay under certain limited circumstances. Bankruptcy Code § 362(d) gives the bankruptcy court the power to grant relief from the automatic stay and provides in pertinent part that "[on] request of a party . . . the court shall grant relief from the stay . . . by terminating, annulling, modifying or conditioning such stay" (Emphasis added.). "The inclusion of the word annulling in the statute indicates a legislative intent to apply certain types of relief retroactively and validate proceedings that would otherwise be void ab initio." In re Siciliano, 13 F.3d 748,751 (3rd Cir. 1994). Thus, "section 362 gives the bankruptcy court wide latitude in crafting relief from the automatic stay, including the power to grant retroactive relief from the stay." In re Schwartz, 954 F.2d 569, 572 (9th Cir. 1992), quoting 2 Collier on Bankruptcy, § 362.07 (15th ed. 1984). Research reveals widespread support for the proposition that a bankruptcy court may "annul" an automatic stay so as to retroactively reinstate a claim which was improperly brought during the pendency of the stay. See Franklin Sav. Ass'n v.Office of Thrift Supervision, 31 F.3d 1020, 1023 (10th Cir. 1994); Matter of Pintree, Ltd., 876 F.2d 34, 38 (5th Cir. 1989);Algeran, Inc. v. Advance Ross Corp., 759 F.2d 1421, 1425 (9th Cir. 1985); In re Albany Partners, 749 F.2d 670, 675-76 (11th Cir. 1984); In re Kornhauser, 184 B.R. 425, 429 (Bkrtcy.S.D.N Y 1995) (court granted motion to annul nunc pro tunc in order to retroactively validate a prior foreclosure sale); In re IBISecurity Service Inc., 158 B.R. 1, 2-3 (Bkrtcy.E.D.N.Y. 1993) (retroactive relief from stay granted in order to validate third party complaint filed during the pendency of the bankruptcy stay); In re Bresler, 119 B.R. 400, 404 (Bkrtcy.E.D.N Y 1990) (prior grant of retroactive relief from bankruptcy stay was proper).
The defendants argue that the abandonment order did not effectuate the lifting of the automatic stay, and that actions taken in violation of the automatic stay are void. The defendant ignores the fact that the plaintiff was granted retroactive relief from the stay as of June 22, 1995 and that the automatic stay was modified nunc pro tunc. "If a creditor obtains retroactive relief under section 362(d), there is no CT Page 2411 violation of the automatic stay, and whether violations of the stay are void or voidable is not at issue." In re Schwartz, supra, 954 F.2d 573.
The Bankruptcy Court is authorized to grant retroactive relief and did, in fact, grant such relief in this case back to June 22, 1995. This action was commenced on July 7, 1995. The retroactive lifting of the stay to a day preceding the commencement of this action cures any defect that may have existed at the time this action was commenced. Therefore, this court will deny the defendants' Motion to Dismiss.