**In re James Dale HARRIS and Vera Oneta Harris, Debtors.**

No. 99–41070.

United States Bankruptcy Court, W.D. Missouri.

Aug. 17, 2001.

Douglas B. Breyfogle, Kansas City, MO, for Debtors.

Kenneth C. Jones, Norton, Hubbard, Ruzicka & Kreamer L.C., Olathe, KS, for Thomas and Diana Jones.

William P. Whitaker, Kansas City, MO, for GE Capital Mortgage Services.

## ORDER

FRANK W. KOGER, Bankruptcy Judge.

Thomas Jones, Diana Jones, and Diana Jones as personal representative of the estate of Evelyn Louise Jones (hereafter collectively referred to as "the Joneses") have filed a Motion for Issuance of Nunc Pro Tunc Order for Relief From Stay. The Debtors oppose the Motion. After hearing oral argument and considering the parties' briefs pertaining to the Motion, the Court hereby issues the following Findings of Fact and Conclusions of Law pursuant to Fed.R.Bankr.P. 7052.

The Joneses filed an action in the District Court of Johnson County, Kansas, on August 31, 1998 (Case No. 98C11027), alleging, among other things, that on or about March 23, 1998, Evelyn Louise Jones executed a quitclaim deed to certain real estate located in Fairway, Kansas, at a time when she suffered from Korsakoff's psychosis and lacked the legal capacity to transfer property or was unduly influenced to do so by the defendant Vera Oneta Harris, one of the Debtors in this bankruptcy case. In addition, the Joneses alleged in the 1998 Kansas action that the Harrises had improperly influenced Ms. Jones to change the beneficiary designation on a certificate of deposit valued at $100,000.00. The Harrises answered the Kansas action, claiming a one-half interest in the Fairway, Kansas, property which had an assessed value of approximately $140,000.00. On May 27, 1998, the Probate Division of the Johnson County, Kansas, Court found that Evelyn Louise Jones was disabled, requiring the appointment of a guardian of her person and conservator of her estate. Evelyn Louise Jones subsequently died on January 27, 1999, but the state court action proceeded on behalf of her estate and the other Jones plaintiffs.

The Harrises filed their Chapter 13 Bankruptcy Petition in this Court on March 22, 1999. On April 16, 1999, the Joneses filed a Motion for Relief from Stay in this Court seeking relief from the auto-

matic stay so that they could proceed with the Kansas state court action. The Motion for Relief's prayer requested "an Order, pursuant to 11 U.S.C. § 362(d), lifting the automatic stay to permit [the Joneses] to proceed to conclusion with Case Number 98C11027 pending in the District Court of Johnson County, Kansas." The Debtors did not oppose the Motion and, on May 6, 1999, this Court entered an Order, which had been prepared by counsel for the Joneses, granting "relief from stay pursuant to 11 U.S.C. § 362(d), to proceed to conclusion with Case Number 98C11027 pending in the District Court of Johnson County, Kansas."

The automatic stay having been lifted, the parties continued to litigate the state court matter. For some reason unknown to this Court, the parties voluntarily dismissed Case Number 98C11027 in the state court by stipulation on September 22, 1999, and re-filed the case the next day, September 23, 1999, as Case Number 99CV12619. The new case omitted the claim regarding the $100,000.00 certificate of deposit and therefore named only Vera Oneta Harris as a defendant; however, as to the real estate in Fairway, Kansas, the parties, subject matter, and claims were the same as those in Case Number 98C11027.

Although the Joneses did not obtain a new order from this Court lifting the automatic stay as to the new state court action, the parties proceeded to litigate that case under the new case number in the Johnson County, Kansas, Court, obviously assuming that the Order Granting Relief from Stay entered by this Court on May 6, 1999, applied to the re-filed action as well. The Johnson County, Kansas, Court conducted a bench trial on May 31 and August 28, 2000. On March 6, 2001, the Johnson County, Kansas, Court issued a Memorandum Decision in the state court action

finding in favor of the Joneses. Vera Oneta Harris has appealed that decision and her appeal is presently pending in the Kansas Court of Appeals.

Meanwhile, as the re-filed state court action moved along, the Harrises' bankruptcy case progressed in this Court and, on September 13, 2000, this Court entered an Order, upon the Debtors' motion, to convert their bankruptcy case from Chapter 13 to Chapter 7. The Chapter 7 Trustee held his § 341 meeting of creditors on January 29, 2001, and on February 2, 2001, this Court entered its Order discharging the Debtors. At no point during the pendency of the re-filed state court action or this bankruptcy case did the Debtors point out that the May 6, 1999, Order lifting the stay referred to the original state court case number, nor did they suggest or bring to the attention of either of the two courts that the Joneses may be violating the automatic stay by continuing to litigate the re-filed state court action. Apparently, the issue was first raised by the Debtors in the appeal now pending before the Kansas Court of Appeals.

Now before this Court is the Joneses' Motion for Issuance of Nunc Pro Tunc Order for Relief from Stay wherein the Joneses seek retroactive relief from the automatic stay so as to preserve the judgment obtained in the state court litigation. They concede that, technically, proceeding with the re-filed state court action probably violated the stay because the Order lifting the stay referred to the 1998 case by Case Number. They further concede that this Court has taken the position that actions taken in violation of the stay are void rather than voidable. *See e.g., In re Carpio*, 213 B.R. 744, 750 (Bankr.W.D.Mo. 1997) (holding that actions taken in violation of the automatic stay are void ab initio); *accord In re Vierkant*, 240 B.R. 317, 325 (8th Cir. BAP 1999). Neverthe-

less, the Joneses assert that this Court should annul the stay, or lift it retroactively, pursuant to § 362(d).

■■■ As this Court has previously said, "Because the automatic stay is at the very heart of the Bankruptcy Code, courts are generally very unwilling to turn a blind eye to violations of the automatic stay." *In re Major*, 218 B.R. 501, 503 (Bankr. W.D.Mo.1998). "The Code does provide, however, a mechanism for negating such a violation." *Id.* Particularly, under § 362(d),[1] a court is permitted to annul the automatic stay under certain circumstances, including for cause. *Id.* The Bankruptcy Appellate Panel for the Eighth Circuit has recently agreed with those courts that have held that, while violations of the automatic stay are void ab initio, annulment of the automatic stay under § 362(d) in certain circumstances is not inconsistent with the conclusion that actions in violation of the stay are void. *See In re Vierkant*, 240 B.R. at 324. Rather, § 362(d) provides a bankruptcy court with the authority to make exceptions to the general operation of the stay. *Id.* (*relying on Schwartz v. United States*, 954 F.2d 569, 571–72 (9th Cir.1992)). Consequently, according to the Eighth Circuit Bankruptcy Appellate Panel, absent annulment of the automatic stay, the Kansas judgment would be void as a violation of the stay, but this Court has the authority to annul the automatic stay at this point in the process.

■■■ "An annulment serves to provide retroactive relief from the automatic stay." *In re Major*, 218 B.R. at 503 (*citing In re*

*Formisano*, 148 B.R. 217, 222 (Bankr. D.N.J.1992)). "The effect of annulling the stay is to negate its existence in its entirety." *Id.* (*quoting In re Lampkin*, 116 B.R. 450, (Bankr.D.Md.1990)). "When the stay is annulled, the act which would have been in violation of the stay is permitted ... [W]hen the stay is annulled there is no violation of the stay." *Id.* (*quoting New Orleans Airport Motel Assocs., Ltd. v. Lee (In re Servico, Inc.)*, 144 B.R. 933, 935 (Bankr.S.D.Fla.1992)).

■■■ While this Court agrees that retroactive relief should be granted "only sparingly and in compelling circumstances," *In re Vierkant*, 240 B.R. at 325 (*quoting Soares v. Brockton Credit Union (In re Soares)*, 107 F.3d 969, 976 (1st Cir.1997)), the Court finds that this case presents such compelling circumstances.

First, this Court actually lifted the stay at one point so that the Joneses could pursue the state court action regarding title to the Kansas real estate. Had the Joneses requested this Court to again lift the stay after the state court action had been re-filed and assigned a new case number, this Court would likely have done so, absent some new circumstance which may have presented itself at that time. The Debtors have not suggested that anything changed as to the dispute over the Kansas real estate from the first state court action to the second, and so this Court likely would have lifted the stay again as to the re-filed state court action.

Second, although there was a technical violation of the stay because both the motion to lift the stay and the May 6, 1999,

---

1. Section 362(d) provides, in pertinent part:
   On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest.
11 U.S.C. § 362(d)(1).

Order (as prepared by the Joneses' attorney) referred to the state court action by case number, and although this Court is generally unwilling to turn a blind eye to even technical violations of the stay, this Court agrees with the Joneses that a finding in this case that they violated the automatic stay by pursuing the action in state court under a different case number would amount to putting form over substance. The Debtors do not dispute the Joneses' contention that, *as to action involving title to the Fairway, Kansas real estate*, the re-filed action was the same as the original one.

Finally, and most importantly, this Court finds that cause exists to annul the stay under § 362(d) because the Debtors allowed the state court action to proceed under the new case number, and actively defended themselves in that action, without ever suggesting that the Joneses were violating the automatic stay in pursuing that action. Not only did the Joneses obviously proceed under the assumption that the stay had been lifted, the District Court of Johnson County, Kansas, did as well. One of two assumptions can be made regarding the Debtors' waiting until now to point out the situation with the automatic stay: (1) the Debtors made the same mistake the Joneses did and did not realize that the May 6, 1999, Order lifting the stay specifically referred to the case number of the 1998 action; or (2) the Debtors knew of the potential problem, waited to see if they obtained a favorable result in the state court action, and when they did not receive a favorable outcome, invoked the automatic stay to render that decision void. The Court assumes it was not the latter. Nevertheless, both the parties and the Johnson County Court proceeded under the assumption that the stay had been lifted and that the action there could proceed. The Joneses indicate that they have spent thousands of dollars pursuing the action in the Kansas Court and this Court concludes it would be extremely inequitable to permit the Debtors to prevail on this argument at this point in the process. It is simply too late under these particular circumstances for the Debtors to argue that the state court action was barred by the automatic stay.

■ The Honorable Jerry W. Venters of this District has outlined nine compelling circumstances considered by courts in granting the extraordinary relief of annulling the automatic stay: (1) if the creditor had actual or constructive knowledge of the bankruptcy filing and, therefore, of the stay; (2) if the debtor has acted in bad faith; (3) if there was equity in the property of the estate; (4) if the property was necessary for an effective reorganization; (5) if grounds for relief from the stay existed and a motion, if filed, would have been granted prior to the violation; (6) if failure to grant retroactive relief would cause unnecessary expense to the creditor; (7) if the creditor has detrimentally changed its position on the basis of the action taken; (8) whether the creditor took some affirmative action post-petition to bring about the violation of the stay, such as filing motions or suggestions or the like; and (9) whether the creditor promptly seeks a retroactive lifting of the stay and approval for the action that has been taken. *See First American Title Ins. Co. v. Lett (In re Lett)*, 238 B.R. 167, 195 (Bankr. W.D.Mo.1999), and *In re Williams*, 257 B.R. 297, 301–02 (Bankr.W.D.Mo.2001 ).[2]

**2.** Judge Venters disagrees with this Court's position that actions taken in violation of the automatic stay are void; rather, he takes the position that such actions are voidable.

Again, while I respectfully disagree with him on that point, this distinction is not relevant on the issue of whether and how a bankruptcy court may annul the stay under § 362(d). I

As discussed in more detail above, several of these factors warrant the extraordinary relief of annulment in this case: although the Joneses had actual knowledge of the bankruptcy filing, they appropriately sought a lift of stay shortly after the bankruptcy filing and believed the stay had been lifted as to the suit regarding the Kansas real estate; although the Debtors have not acted in bad faith as such, they also made the mistake of believing the stay had been lifted and therefore did nothing to alert the Joneses or the Kansas Court that there may be a problem with the stay; since the Debtors have converted to Chapter 7, there is no reorganization in this case; grounds for relief from the stay existed and a motion, if filed, would likely have been granted prior to the violation; failure to grant retroactive relief would cause unnecessary expense to the Joneses; the Joneses' reliance on the May 6, 1999, Order lifting the stay was detrimental in that it caused them to expend money, time, and effort pursuing that action; and it appears as though the Joneses have sought this retroactive relief as soon as the problem was pointed out to them.

In sum, this Court finds that retroactive relief from the automatic stay is warranted in this particular case.

The Debtors assert, however, that the Joneses' present Motion is governed by Fed.R.Civ.P. 60(b) because the Joneses have requested a nunc pro tunc order to correct the mistake of referring particularly to the 1998 case number in the May 6, 1999, Order lifting the stay. Rule 60(b), made applicable to bankruptcy cases under Fed.R.Bankr.P. 9024, provides, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Fed.R.Civ.P. 60(b). According to the Debtors, the Joneses are seeking relief from the May 6, 1999, Order on the ground of mistake or inadvertence, i.e., pursuant to Rule 60(b)(1), and that the one-year time limitation set forth in Rule 60(b) therefore applies. The Debtors further assert that Rules 60(b)(1) and 60(b)(6) (permitting relief from judgment for "any other reason justifying relief") are mutually exclusive and that since Rule 60(b)(1) is the ground relied upon, the Joneses cannot now rely on Rule 60(b)(6) to avoid the one-year limitation period.

■ Even assuming for the sake of argument that the Debtors are correct that the Joneses cannot rely upon Rule 60(b)(6) as a basis for relief and that the time limitation applicable to Rule 60(b)(1) would apply to their motion for nunc pro tunc relief, the Court finds that the Joneses need not rely on Rule 60(b) at all. This Court is not, in this Order, altering the May 6, 1999, Order nunc pro tunc, nor is it providing the Debtors relief from any order under Rule 60(b). Rather, the Court is now, currently, annulling the automatic stay (retroactively) pursuant to § 362(d) so

---

am of the opinion, as was expressed by the BAP in *Vierkant*, that annulment under § 362(d) is not inconsistent with the position that actions taken in violation of the automatic stay are void ab initio. As a result, al-

though Judge Venters and I enjoy opposing but respectful debate on the void / voidable squabble, I espouse his analysis of the factors to be considered in annulling the automatic stay under § 362(d) without reservation.

that the Kansas judgment is not rendered void on any bankruptcy-related basis.[3]

As a result, for the foregoing reasons, the Court hereby annuls the automatic stay as it pertains to the action regarding the title to the real estate in Fairway, Kansas. The parties may proceed in the Kansas courts on that matter as is appropriate.

3. Naturally, if the Kansas judgment is improper for some other reason, that is an issue for the Kansas Court of Appeals.