**In re HOFFINGER INDUSTRIES, INC., Debtor.**

**No. 01–20514M.**

United States Bankruptcy Court, E.D. Arkansas, Helena Division.

Feb. 28, 2002.

Charles R. Camp, Lance R. Miller, Leisa Pulliam, Stan D. Smith, Mitchell Law Firm, Little Rock, AR, for debtor.

Ben F. Arnold, Kemp, Duckett, Spradley, Curry & Arnold, James F. Dowden, James F. Dowden, P.A., Little Rock, AR, for Unsecured Creditors' Committee.

Charles W. Tucker, Little Rock, AR, U.S. Trustee.

## ORDER

JAMES G. MIXON, Bankruptcy Judge.

On February 21, 2002, Hoffinger Industries, Inc., filed a motion to modify or amend the automatic stay, a motion to clarify entry of order, and for emergency hearings on each motion. Leesa Bunch ("Bunch"), a creditor, filed objections to the motions and a hearing was conducted on February 25, 2002, on shortened notice.

At issue is whether the automatic stay should be annulled retroactively in order to validate a postpetition notice of appeal filed by the Debtor in state court litigation pending in the State of California. The Debtor also requests this Court to alter the entry date of an order granting relief from stay to the parties to the state court litigation.

### I.

### THE FACTS

The Debtor filed a voluntary petition for relief under the provisions of chapter 11 of the United States Bankruptcy Code on September 13, 2001. Pre-petition, the Debtor suffered a judgment in favor of Bunch in excess of $13,000,000.00 in the Superior Court of Glenn County, California. The Debtor alleges that on October 19, 2001, it filed a notice of appeal in the Bunch litigation with the Court of Appeals of the State of California.

The Court's files reflect that on November 15, 2001, the Debtor filed a motion for relief from the automatic stay to pursue post-judgment motions and appeals in the Bunch litigation. A hearing was held on the motion for relief on November 27,

2001, at which time counsel for the Debtor announced that there was no objection to granting the motion. Counsel for the Debtor was directed to prepare the appropriate order and submit it to the Court for signature according to customary practice.

The order was not signed by the Court until December 27, 2001, and the order was not entered on the docket until January 10, 2002.[1] The order was an agreed order and was approved by counsel for the Debtor and counsel for Bunch.

The Debtor alleges that on February 15, 2001, counsel for Bunch filed a motion to dismiss the appeal with the Court of Appeals of the State of California on the grounds that the act of the Debtor in filing the notice of appeal on October 19, 2001, was in violation of the automatic stay contained in 11 U.S.C. § 362 and, therefore, void.

The Debtor argues that the Court should enter an order retroactively nullifying the automatic stay in order to validate the act of filing the notice of appeal by the Debtor and to preserve the Debtor's appeal. Bunch opposes the motion and argues that the violation of the stay was willful and that if the Court grants relief from the stay retroactively, Bunch will be prejudiced because she will have lost her right to cross-appeal.

## II.

## DISCUSSION

■ Section 362 of the Bankruptcy Code creates an automatic stay applicable to all entities that, in general, and with some specific exceptions, stays all acts against a debtor and property of a debtor's estate to recover on a pre-petition claim. 3 Collier on Bankruptcy ¶ 362.01 (Lawrence P. King *et al.* eds., 15th ed. rev. 2001).

The relevant provision of the Bankruptcy Code provides as follows:

(a) Except as provided in subsection (b) of this section, a petition filed under sections 301, 302 or 303 of this title ... operates as a stay, applicable to all entities, of

(1) the ... continuation ... of a judicial ... proceeding against the debtor that was ... commenced before the commencement of a case under this title;

11 U.S.C. § 362(a)(1) (1994).

■ The purpose of the stay is:

[to provide] the debtor with relief from the pressure and harassment of creditors seeking to collect their claims. It protects property that may be necessary for the debtor's fresh start and, in terms of a chapter 11 debtor, provides a breathing space.... In addition, the stay provides creditors with protection by preventing the dismemberment of a debtor's assets by individual creditors levying on the property. This promotes the bankruptcy goal of equality of distribution.

3 Collier on Bankruptcy ¶ 362.03 (Lawrence P. King *et al.* eds, 15th ed. rev.2001).

■ Even though the automatic stay does not, by its specific provisions, apply to acts by the Debtor, a substantial body of case law has developed to the effect that the automatic stay applies to a continuation of an appeal by the debtor in litigation filed pre-petition against the debtor. This body of case law includes a decision by the

---

1. The Court takes judicial notice that the Clerk's office converted to electronic case filing on December 17, 2001, and that a substantial delay in docketing orders occurred throughout the system. Debtor's Counsel's secretary testified that she never received a copy of the order by mail but learned of its entry on January 29, 2002 from the Court's Judicial Assistant. The Court accepts her testimony as true.

Eighth Circuit Court of Appeals. *Farley v. Henson (In re Farley)*, 2 F.3d 273, 275 (8th Cir.1993) (holding that an appeal brought by a debtor from a judgment obtained against it as a defendant is subject to the automatic stay) (citing *Sheldon v. Munford, Inc.*, 902 F.2d 7 (7th Cir.1990); *Ingersoll–Rand Fin. Corp. v. Miller Mining Co.*, 817 F.2d 1424, 1426 (9th Cir.1987); *Teachers Ins. & Annuity Ass'n v. Butler*, 803 F.2d 61, 65 (2nd Cir.1986); *Marcus, Stowell and Beye Gov't Sec., Inc. v. Jefferson Inv. Corp.*, 797 F.2d 227, 230 n. 4 (5th Cir.1986); *Cathey v. Johns–Manville Sales Corp.*, 711 F.2d 60 (6th Cir.1983); *Association of St. Croix Condominium Owners v. St. Croix Hotel Corp.*, 682 F.2d 446 (3rd Cir.1982)). Although this Court is bound to follow the view of the Eighth Circuit, there is authority to the contrary. *See Chaussee v. Lyngholm (In re Lyngholm)*, 24 F.3d 89, 92 (10th Cir.1994); *Autoskill, Inc. v. Nat'l Educ. Support Sys., Inc.*, 994 F.2d 1476, 1487 (10th Cir.1993); *Carley Capital Group v. Fireman's Fund Ins. Co.*, 889 F.2d 1126, 1127 (D.C.Cir.1989) (stating that 11 U.S.C. § 362 "by its terms only stays proceedings *against* the debtor," and "does not address actions brought *by* the debtor which would inure to the benefit of the bankruptcy estate") (citations omitted).

In *In re Farley*, the Eighth Circuit Court of Appeals cited several factors supporting their view, including the plain language of 11 U.S.C. § 362(a)(1) and the impracticality of interpreting the statute to permit the debtor to pursue an appeal while the non-debtor party remains stayed from taking any action, including filing a cross-appeal. *In re Farley*, 2 F.3d at 275.

■ Thus, the Debtor's filing of a notice of appeal violated the automatic stay. Actions taken in violation of the automatic stay are generally considered to be void. *LaBarge v. Vierkant (In re Vierkant)*, 240 B.R. 317, 320 (8th Cir. BAP 1999) (recognizing the split of authority on whether actions taken in violation of the stay are void *ab initio* or merely voidable) (citing *Carpio v. Smith (In re Carpio)*, 213 B.R. 744, 748, 749 (Bankr.W.D.Mo.1997)); *In re Harris*, 268 B.R. 199, 201 (Bankr.W.D.Mo. 2001); *Schieffler v. Pulaski Bank & Trust (In re Molitor)*, 183 B.R. 547, 554 (Bankr. E.D.Ark.1995) (citations omitted).

However, the Bankruptcy Code provides that "on request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay." 11 U.S.C. § 362(d) (1994).

■ Courts interpreting this section have reasoned that the power to "annul" the automatic stay may be done retroactively in appropriate circumstances so as to validate an act committed in violation of the stay which would otherwise be void. *In re Siciliano*, 13 F.3d 748, 751 (3rd Cir.1994) ("we agree ... that the inclusion of the word 'annulling' in the statute, indicates a legislative intent to apply certain types of relief retroactively and validate proceedings that would otherwise be void *ab initio*"); *Schwartz v. United States (In re Schwartz)*, 954 F.2d 569, 573 (9th Cir. 1992); *Sikes v. Global Marine, Inc.*, 881 F.2d 176, 178–79 (5th Cir.1989); *Albany Partners, Ltd. v. Westbrook (In re Albany Partners, Ltd.)*, 749 F.2d 670, 675 (11th Cir.1984); *In re Vierkant*, 240 B.R. at 324; *In re Harris*, 268 B.R. at 202; *In re Kornhauser*, 184 B.R. 425, 428–29 (Bankr. S.D.N.Y.1995); *Weiss v. Azran (In re Thunderbolt Realty Trust)*, 190 B.R. 11 (Bankr.D.Mass.1995); *In re Siverling*, 179 B.R. 909, 911 (Bankr.E.D.Cal.1995) (citing *In re Schwartz*, 954 F.2d at 572), *aff'd.*, 1996 WL 169083 (E.D.Cal.1996).

The power to annul is consistent with the concept that acts taken in violation of the stay are void because annulment is a statutory exception to the general operation of the stay. *In re Schwartz*, 954 F.2d at 572–73; *In re Vierkant*, 240 B.R. at 324; 3 Collier on Bankruptcy at ¶ 362.07[1]. Therefore, the authority to annul the automatic stay retroactively does exist.

### III.

■ Having determined that the automatic stay may be retroactively annulled so as to validate an action taken previously, the issue remains whether these are the appropriate circumstances to exercise such equitable power. The answer to this question requires an affirmative answer.

The judgment obtained by Bunch is a liquidated but disputed claim in this case. *See* 11 U.S.C. § 101(5) (1994) (" 'claim' means ... right to payment, whether or not such right is liquidated, unliquidated, ... disputed, undisputed...."). A determination of the final amount of this claim is absolutely essential to the confirmation process because the claim is so large. Once the amount of the claim and its status as secured or unsecured is determined, a plan of reorganization must deal with the claim in accordance with the applicable provisions of chapter 11 of the Bankruptcy Code.

Had the Debtor made a timely motion to relax the stay to permit the filing of a notice of appeal, there would be no basis to deny the motion based on this record. No party opposed the motion for relief from stay when it was filed in November, and the order granting relief was agreed to by counsel for Bunch. Therefore, obviously, it was within everyone's contemplation that the stay be relaxed to permit the appeal process to be completed.

The Debtor's failure to obtain timely relief from the stay in order to file a notice of appeal appears to be an oversight of an important technicality. Under the circumstances, this Court's refusal to retroactively annul the stay would produce a result akin to a default in that a review of the trial court judgment on the merits by the appellate courts of California would be precluded. The Eighth Circuit Court of Appeals favors results which permit a hearing on the merits. *See, e.g. Jones Truck Lines, Inc. v. Foster's Truck & Equip. Sales, Inc.,* 63 F.3d 685, 688 (8th Cir.1995) (stating that entry of default judgment is not favored by law and should be a rare judicial act) (citations omitted).

Bunch argues that if the Court grants retroactive annulment, she will be prejudiced because she will have lost her right to cross-appeal a viable issue. However, nothing prevented Bunch from obtaining relief from the stay to pursue a cross-appeal in October when the Debtor filed its notice of appeal. While the applicability of the stay to the Debtor was subtle and perhaps not obvious to everyone, no question exists as to the stay's applicability to Bunch's right to cross-appeal as well as Bunch's right to ask for relief from the stay at any time. *In re Farley*, 2 F.3d at 275 (noting that "any of the parties to these appeals may apply to the bankruptcy court for relief from the stay"). Moreover, the record is not clear that Bunch has lost her right to cross-appeal. *See* 11 U.S.C. 108(c) (1994) ("if applicable nonbankruptcy law ... fixes a period for ... continuing a civil action in a [nonbankruptcy] court ... on a claim against the debtor ... and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of ... the end of such period ... or ... 30 days after notice of the termination ... of the stay ...").

The Debtor also requests this Court to change the date that the order of relief

782

from the automatic stay was entered on the docket. This motion will be denied. It was the responsibility of Debtor's counsel to see that the order was entered, and counsel could have accomplished this at any time after the hearing date of November 27, 2001.

Therefore, for the reasons stated, the Debtor's motion to retroactively annul the stay is granted, and the stay is annulled as of the day before October 19, 2001.

IT IS SO ORDERED.