**In re Mildred A. WEBB, Debtor.**

**No. 4:03–bk–15082 E.**

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

July 3, 2003.

Mildred A. Webb, Little Rock, AR, Pro se.

Kimberly D. Burnette, Little Rock, AR, for Bank of America Mortgage.

Charles Tucker, Little Rock, AR, Assistant U.S. Trustee.

Joyce Bradley Babin, Little Rock, AR, Standing Chapter 13 Trustee.

## AMENDED ORDER GRANTING MOTION FOR RETROACTIVE ANNULMENT OF THE AUTOMATIC STAY AND FOR RATIFICATION OF FORECLOSURE SALE

AUDREY EVANS, Bankruptcy Judge.

On June 3, 2003, the Court heard the Motion for Retroactive Annulment of the Automatic Stay and for Ratification of Foreclosure Sale and the Objection to Confirmation of Plan filed by Bank of America Mortgage ("BOA"). The Court also heard the Motion to Dismiss with a bar to refiling, filed by the United States Trustee ("U.S. Trustee"). In his motion, the U.S. Trustee, through Assistant U.S. Trustee, Charles Tucker, who was present at the hearing, also requested that Debtor be held in contempt of a previous order of this Court.[1] BOA appeared through its attorney Kimberly D. Burnette of Wilson & Associates, P.L.L.C. The Standing Chapter 13 Trustee, Joyce Bradley Babin was also present. Pro Se Debtor, Mildred A. Webb, did not appear. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (G) and (L), and the Court has jurisdiction to enter a final judgment in this case.

According to court files, records and evidence admitted during this hearing, this is Debtor's tenth bankruptcy case since 1998.[2] The following is a chronology of the bankruptcy filings by Debtor, all of which were under Chapter 13 of the United States Bankruptcy Code ("Bankruptcy Code"):

| Case Number | Date Filed | Disposition |
|---|---|---|
| 1. 98–41351 | 03/17/98 | Dismissed 07/16/99 for failure to make payments into plan |
| 2. 99–45708 | 12/17/99 | Dismissed 04/30/00 for failure to make payments into plan |
| 3. 00–43171 | 07/24/00 | Dismissed 08/30/00 for failure to file schedules and plan |
| 4. 00–45712 | 12/12/00 | Dismissed 01/04/01 for failure to file schedules |
| 5. 01–42256 | 04/17/01 | Dismissed 05/22/01 for failure to pay filing fee |
| 6. 01–44832 | 08/28/01 | Dismissed 10/11/01 for failure to pay filing fee |
| 7. 02–11295 | 02/05/02 | Dismissed 03/20/02 for failure to pay filing fee |
| 8. 02–17778 | 07/16/02 | Dismissed 08/27/02 for failure to pay filing fee |

1. This Court will enter a separate Order to Show Cause why Debtor should not be held in criminal contempt of that order. The Court will withhold a ruling on the Motion to Dismiss and Objection to Confirmation until after the Show Cause hearing.

2. As announced by the Court during the June 3, 2003 hearing, the Court takes judicial notice of all documents in Debtor's current case and previously filed bankruptcy petitions. See Fed.R.Evid. 201; In re Henderson, 197 B.R. 147, 156 (Bankr.N.D.Ala.1996) ("The court may take judicial notice of its own orders and of records in a case before the court, and of documents filed in another court.") (citations omitted); see also In re Penny, 243 B.R. 720, 723 n. 2 (Bankr.W.D.Ark.2000).

| Case Number | Date Filed | Disposition |
|---|---|---|
| 9. 02–23337 | 11/19/02 | Dismissed 01/30/03 for cause and with prejudice |

In the order dismissing Debtor's ninth bankruptcy petition, the Court found that Debtor's repeated filings demonstrated an abuse of the bankruptcy process and an inability and a lack of intent to reorganize. The Court barred Debtor from receiving a discharge for any debts that were included or should have been included in her bankruptcy schedules with her ninth filing. The Court also barred Debtor from filing another case under the Bankruptcy Code for a period of two (2) years from the date of the entry of the dismissal order. That order was entered on January 30, 2003. Despite that order, Debtor filed the instant bankruptcy case on April 29, 2003.

The only creditor listed in Debtor's current plan is BOA. BOA is the holder of a mortgage and promissory note securing payment in the principal sum of $56,752.00 executed by Debtor on January 15, 1993.[3] The mortgage covers the real property located at 1608–1610 West 19th Street, Little Rock, Arkansas (**"the property"**). This is Debtor's address as listed on her last eight petitions, including this petition. Debtor is contractually due on the mortgage payments owed to BOA for her April 1, 1998 payment. BOA subsequently appointed Wilson & Associates, P.L.L.C. to initiate a foreclosure sale of the property under Ark.Code Ann. § 18–50–107. Statewide Trustee Services (**"Statewide"**) conducted the foreclosure sale and Bill Turbin, an employee of Statewide, testified for BOA during this hearing.[4] Mr. Turbin conducted the foreclosure sale on the property at issue in this case and on various other pieces of property on April 29, 2003. Mr. Turbin testified that during the course of the foreclosure sale, Debtor approached Mr. Turbin, handed him a copy of her bankruptcy petition in the instant case, and asked that the sale be cancelled. The petition handed to Mr. Turbin was purportedly filed with the Clerk of Court at 10:52 am on April 29, 2003. According to Mr. Turbin, since he could not verify the validity of Debtor's petition, he made a special announcement that the property was being sold "subject to a possible bankruptcy" and continued with the sale. The sale of the property to BOA was completed at 11:09:19 am on April 29, 2003.

BOA admits that the foreclosure sale was in violation of the automatic stay provisions of 11 U.S.C. § 362(a). However, BOA requests that the Court retroactively annul the automatic stay and ratify the April 29, 2003 foreclosure sale of the property. BOA also urges the Court to adopt the reasoning in *In re Williams*, 257 B.R. 297 (Bankr.W.D.Mo.2001) and to hold that the foreclosure sale taken in violation of the automatic stay be treated as voidable, not void *ab initio*. Despite BOA's oral argument on this point, initially there is no need for the Court to analyze whether the act in violation of the stay is void or voidable.[5] Rather, the first issue the Court must decide is whether the stay will be annulled for cause pursuant to 11 U.S.C. § 362(d) because "[i]f a creditor obtains

---

3. BOA is the successor in interest to Source One Mortgage Services Corporation, the original holder of these instruments.

4. Ainsley Skokos, staff attorney for David Coop, Standing Chapter 13 Trustee and Joyce Bradley Babin also testified and authenticated documents (trustee records and prior docket entries) which were entered into evidence.

5. Also at this hearing, the Assistant U.S. Trustee requested, in the alternative, that Debtor's petition in the instant case be considered void *ab initio* since it was filed in violation of a previous order of this Court. However, given the Court's disposition of this case, it is unnecessary to address this issue.

retroactive relief under [this section], there is no violation of the automatic stay, and whether violations of the stay are void or voidable is not at issue." *In re Vierkant*, 240 B.R. 317, 324 (8th Cir. BAP 1999) (quoting *Schwartz v. United States (In re Schwartz)*, 954 F.2d 569, 572–74 (9th Cir. 1992)). In short, if the stay is annulled, the issue of whether the acts of the creditor are void or voidable is moot.

■ The automatic stay of 11 U.S.C. § 362(a) lies at the heart of the Bankruptcy Code and "protects the debtor's assets while giving the debtor breathing room so that it can reorganize." *In re Kmart Corp.*, 285 B.R. 679, 688 (Bankr.N.D.Ill. 2002). Section 362(a) provides, in part, that a bankruptcy petition "operates as a stay, applicable to all entities, of the commencement or continuation ... of a judicial, administrative, or other action against the debtor ... [and to] any act to obtain possession of the property of the estate ... or to exercise control over the property of the estate." 11 U.S.C. § 362(a)(1) and (3). Despite the sweeping statutory protection provided by the automatic stay, the Court of Appeals for the Eighth Circuit has found that "[b]ankruptcy courts have the power to annul an automatic stay retroactively for cause pursuant to 11 U.S.C. § 362(d)(1) in order to rehabilitate stay violations." *Bunch v. Hoffinger Indus. (In re Hoffinger Indus.)*, 329 F.3d 948, 951–52 (8th Cir.2003) (citing *In re Siciliano*, 13 F.3d 748, 751 (3d Cir.1994); *Schwartz*, 954 F.2d at 572; *Vierkant*, 240 B.R. at 324).

■ Accordingly, the Court focuses on whether BOA has met its burden to demonstrate that there are appropriate circumstances for the Court to grant retroactive annulment of the automatic stay to the date of the foreclosure sale. *See In re Hoffinger Indus.*, 273 B.R. 777, 781 (Bankr.E.D.Ark.2002). Retroactive annulment of the stay should only be granted sparingly and in compelling circumstances. *Vierkant*, 240 B.R. at 325 (citation omitted). This Court finds that Debtor's lack of good faith almost from the start of her foray into the bankruptcy process is the most important factor in evaluating whether such relief is warranted. The sheer number of previous petitions filed by Debtor and their bases for dismissal are evidence of that lack of good faith. *See In re Stathatos*, 163 B.R. 83, 88 (N.D.Tex.1993) ("Although there is no per se rule against successive bankruptcy filings, such filings may be evidence of bad faith.") (citation omitted); *see also In re LeGree*, 285 B.R. 615, 618–19 (Bankr.E.D.Pa.2002) (reasoning that one factor to consider in determining good faith of debtor with history of serial filings is whether there has been a material change in debtor's circumstances between filings) (citations omitted).

In this case, Debtor's abuse of the bankruptcy process is extensive. Four of Debtor's previous nine cases were dismissed for failure to pay the filing fee. Another three were dismissed either for failure to make payments into her plan or for failure to file schedules, and one other case was dismissed for failure to file both schedules and a plan. Debtor's ninth bankruptcy case was dismissed by the order entered on January 30, 2003 prior to the deadline for the payment of the filing fee. There is no evidence of a change in circumstances between the filing of any of her petitions, including the current petition which was filed in direct violation of the Court's prior order.[6] Case after case, Debtor follows the same pattern of filing petitions under Chapter 13, but taking little or no action to

6. The Court makes this determination in this Order without prejudice as to any finding arising out of the Show Cause hearing to be scheduled in this case.

reorganize her finances. This pattern has continued with the instant case, where Debtor has clearly demonstrated her unwillingness to pursue this action through her failure to appear at the June 3, 2003 hearing or to retain counsel to appear in her stead.

■ In determining whether retroactive relief from the automatic stay is warranted in this case, the Court will not only evaluate the Debtor's conduct, but also the conduct of BOA and its agent. The Court examines the creditor's actions because the creditor proceeded in violation of what was, at the time it acted, a valid stay. The Court does not wish to encourage creditors to proceed in violation of the stay, betting on an annulment and substituting their judgment for the dictates of the Bankruptcy Code. After all, Statewide had actual knowledge of Debtor's bankruptcy filing; Debtor presented a bankruptcy petition to Mr. Turbin prior to the foreclosure sale on the property. However, Debtor's petition had been filed just minutes before the foreclosure sale was to take place. Because Mr. Turbin had doubts regarding the petition's validity, he proceeded with the foreclosure sale and sold the property. The Court finds Mr. Turbin's suspicions regarding the validity of Debtor's petition to have been honest, given the timing of the instant petition's presentation to him. Moreover, BOA acted promptly to request retroactive relief and approval for this foreclosure sale. The Court does not fault Statewide for its technical violation of the automatic stay, and finds that both BOA and Statewide acted in good faith, in stark contrast to Debtor. Under these facts, it is Debtor who has been using the bankruptcy process solely to thwart BOA's legitimate attempts to foreclose on the property. The grant of retroactive relief is justified in this case given (1) Debtor's abusive filings and (2) this Court's prior order prohibiting Debtor from filing additional bankruptcy petitions. Debtor's past conduct and continuing abuse of the bankruptcy process represent an extraordinary lack of good faith and constitute compelling circumstances warranting retroactive annulment of the automatic stay.

In light of the above analysis and a review of the law and facts in this case, the Court concludes that cause exists under 11 U.S.C. § 362(d)(1) to annul the automatic stay. The Court finds that BOA has met its burden to demonstrate that compelling circumstances exist justifying retroactive annulment of the automatic stay. Therefore, BOA's Motion will be granted and the foreclosure sale of the property conducted on April 29, 2003 will be ratified.

Accordingly, it is hereby

**ORDERED** that the automatic stay of 11 U.S.C. § 362 be and is hereby annulled to the extent that BOA's Motion for Retroactive Annulment of the Automatic Stay and for Ratification of Foreclosure Sale is **GRANTED,** and the foreclosure sale conducted by Statewide on April 29, 2003 is hereby ratified. It is also

**ORDERED** that Fed. R. Bankr.P. 4001(a)(3) does not apply in this case thus entitling BOA to immediately enforce and implement this Order and continue its foreclosure sale and/or eviction remedies. It is also

**ORDERED** that this Court will defer ruling on the Objection to Confirmation of Plan and the Motion to Dismiss until such time as the Court has held a hearing on the Order to Show Cause to be entered in this case.

**IT IS SO ORDERED.**